**DELTA TRAFFIC SERVICE, INC., and Oneida Motor Freight, Inc.,**
Plaintiffs–Appellees,

v.

**APPCO PAPER & PLASTICS CORPORATION, Defendant–Appellant.**

No. 1268, Docket 88–9057.

United States Court of Appeals,
Second Circuit.

Argued Aug. 17, 1989.
Decided Jan. 4, 1990.

Joseph L. Steinfeld, Jr., Washington, D.C. (Robert B. Walker, John T. Siegler, Sims, Walker & Steinfeld, P.C., Washington, D.C., Kenneth M. Piken, Piken & Piken, P.C., Rego Park, N.Y., of counsel), for plaintiffs-appellees.

William J. Augello, Huntington, N.Y. (Augello, Pezold & Hirschmann, P.C., Huntington, N.Y., of counsel), for defendant-appellant.

Before MINER and ALTIMARI, Circuit Judges, and GRAY, District Judge.[*]

ALTIMARI, Circuit Judge:

In this case, we consider the "filed rate doctrine," which requires a motor carrier to collect the rate published in a tariff filed with the Interstate Commerce Commission ("ICC"), and we examine the court's role in an action to collect undercharges to the filed rate. Defendant-appellant Appco Paper and Plastics Corporation ("Appco") appeals from a judgment of the United States District Court for the Eastern District of New York (Sifton, *Judge*) which denied its motion to stay the court proceedings and refer the matter to the ICC, and granted plaintiffs-appellees Delta Traffic Service, Inc. ("Delta") and Oneida Motor Freight, Inc.'s ("Oneida") cross-motion for summary judgment under Fed.R.Civ.P. 56. Plaintiffs sought to recover the difference between the rate Oneida negotiated with, charged to, and collected from Appco for 420 shipments moved in interstate commerce by Oneida and the rate filed with the ICC. Appco argued, *inter alia*, that under the circumstances, collection of undercharges would constitute an unreasonable practice, and that the ICC has primary jurisdiction over the issue of the reasonableness of carrier rates and practices. The district court determined that referral to the ICC was precluded by longstanding precedent holding that courts may not consider equitable defenses to actions seeking collection of undercharges. Judgment was entered against Appco in the total amount of $26,597.27, including prejudgment interest. Since we find that Appco was entitled to a determination by the ICC as to the reasonableness of plaintiffs' practices, we reverse and remand for further proceedings.

## BACKGROUND

In an effort to solicit shipping business, Oneida entered into negotiations over its transportation rates with Appco. Ultimately, Oneida agreed that it would charge Appco a discounted rate for the transportation of its products. Oneida represented to Appco that the rate negotiated between them would be published in a tariff filed with the ICC. Between January 1983 and July 1985, Oneida made 420 shipments of paper goods for Appco. Oneida billed Appco for these shipments at the negotiated rate and Appco paid each invoice in full.

Subsequently, pursuant to a freight audit contract approved by the United States Bankruptcy Court for the District of New Jersey, Delta audited Oneida's freight bills. Delta determined that the rates paid by Appco for Oneida's transportation services were less than the rates Oneida filed with the ICC. As a result, Delta created additional invoices in the total amount of $19,322.42. Thereafter, plaintiffs initiated the present action to recover the undercharges and interest.

In its answer, Appco raised estoppel, waiver, and other affirmative defenses grounded in the equitable maxim that a party ought not to profit from his own wrongdoing. In addition, Appco asserted that "the collection of undercharges based on the rate contained in the filed tariff would constitute an unreasonable practice in light of the negotiated rate." Thereafter, Appco moved for a stay of proceedings and referral of the matter to the ICC for a determination as to whether collection of undercharges would be an unreasonable practice.

[*] Honorable William P. Gray, Senior District Judge of the United States District Court for the Central District of California, sitting by designation.

The district court found that the long line of authority which precludes equitable defenses to undercharge claims, *see, e.g., Louisville & Nashville R.R. Co. v. Maxwell*, 237 U.S. 94, 97, 35 S.Ct. 494, 495, 59 L.Ed. 853 (1915); *Nyad Motor Freight, Inc. v. W.T. Grant Co.*, 486 F.2d 1112, 1114 (2d Cir.1973), also precluded referral of this matter to the ICC. Accordingly, the district court denied Appco's motion, and granted summary judgment in favor of plaintiffs.

### DISCUSSION

Appco contends that issues concerning the reasonableness of Oneida's practices fall within the primary jurisdiction of the ICC and that the filed rate doctrine does not preclude referral to the ICC for resolution of those issues. We agree.

■ The doctrine of primary jurisdiction applies when enforcement of a claim originally cognizable in the courts "requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). Issues which involve the evaluation of the economics of a regulated industry, *see Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 305, 96 S.Ct. 1978, 1987, 48 L.Ed.2d 643 (1976), consideration of factual disputes uniquely within the specialized knowledge of an agency, *see Western Pacific R.R.*, 352 U.S. at 64, 77 S.Ct. at 165, or which require uniformity in the regulation of business entrusted to a particular agency, *see Far East Conference v. United States*, 342 U.S. 570, 574–75, 72 S.Ct. 492, 494, 96 L.Ed. 576 (1952), properly fall within the primary jurisdiction of an agency. When a court is faced with such an issue, it must suspend judicial process pending referral of that issue to the proper administrative body. *See Western Pacific R.R.*, 352 U.S. at 64, 77 S.Ct. at 165; *General American Tank Car Corp. v. El Dorado Terminal Co.*, 308 U.S. 422, 433, 60 S.Ct. 325, 331, 84 L.Ed. 361 (1940).

The Interstate Commerce Act ("ICA") provides that "[a] rate ..., classification,

rule, or *practice* related to transportation or service provided by a carrier ... *must be reasonable."* 49 U.S.C.A. § 10701(a) (1982) (emphasis added). The Supreme Court long ago declared that "[w]henever a rate, rule or practice is attacked as unreasonable or as unjustly discriminatory, there must be preliminary resort to the Commission." *Great Northern Ry. Co. v. Merchants Elevator Co.*, 259 U.S. 285, 291, 42 S.Ct. 477, 479, 66 L.Ed. 943 (1922). A dispute concerning whether particular collection practices are reasonable "raises issues of transportation policy which ought to be considered by the Commission in the interests of a uniform and expert administration of the regulatory scheme laid down by [the ICA]," *Western Pacific R.R.*, 352 U.S. at 65, 77 S.Ct. at 166, and thus falls within the ICC's primary jurisdiction. *See INF, Ltd. v. Spectro Alloys Corp.*, 881 F.2d 546, 548 (8th Cir.1989); *Maislin Indus. v. Primary Steel, Inc.*, 879 F.2d 400, 403 (8th Cir.1989); *Seaboard Sys. R.R., Inc. v. United States*, 794 F.2d 635, 637–38 (11th Cir.1986); *cf. Carriers Traffic Serv., Inc. v. Anderson, Clayton & Co.*, 881 F.2d 475, 481 (7th Cir.1989). *But see Supreme Beef Processors, Inc. v. Yaquinto*, 864 F.2d 388, 389–90 (5th Cir.1989).

■ The district court found that it could not refer the instant dispute to the ICC because it was precluded from doing so by the filed rate doctrine's exclusion of equitable defenses. Section 10761(a) of the ICA states that

> a carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission ... shall provide that transportation or service only if the rate for the transportation or service is contained in a tariff that is in effect under this subchapter. That carrier may not charge or receive a different compensation for that transportation or service than the rate specified in the tariff....

It is well settled that courts are barred from considering equitable defenses to an action to collect undercharges from the filed rate. *E.g., Maxwell*, 237 U.S. at 97, 35 S.Ct. at 495; *Siegel v. Converters*

*Transp., Inc.,* 714 F.2d 213, 215 (2d Cir. 1983); *Nyad Motor Freight,* 486 F.2d at 1114. Contrary to the reasoning of the district court, however, this does not end the matter before us.

█ In *Maxwell,* the landmark case often relied upon to support strict application of the filed rate doctrine, the Supreme Court explained that:

> Under the Interstate Commerce Act, the rate of the carrier duly filed is the only lawful charge. Deviation from it is not permitted upon any pretext. Shippers and travelers are charged with notice of it, and they as well as the carrier must abide by it, *unless it is found by the Commission to be unreasonable.*

237 U.S. at 97, 35 S.Ct. at 495 (emphasis added). Although courts may not mitigate the filed rate by resort to equitable defenses, *Maxwell* recognized an exception to strict enforcement of the filed rate when adverse findings concerning the reasonableness of a disputed rate have been made by the ICC. *See id.* Since this exception contemplates some action by the ICC, we do not view the filed rate doctrine as a road-block preventing referral of undercharge actions to the ICC. We find that the district court improperly denied Appco's motion for a stay and referral of proceedings to the ICC. *See Maislin Indus.,* 879 F.2d at 405 ("[T]he district court is required to enforce the tariff provisions of section 10761(a), unless the ICC, *upon referral by the district court,* determines that a carrier's billing practices were unreasonable and that to enforce the tariff requirement would be unlawful.") (emphasis added).

Recently, the Fifth Circuit declined to refer an issue of the reasonableness of a carrier's collection practice to the ICC because it was "unwilling to permit [the shipper's] unreasonableness defense to undermine the filed tariff doctrine." *Supreme Beef,* 864 F.2d at 391. We do not agree that referral to the ICC undermines the filed rate doctrine. As previously discussed, *Maxwell* indicated that a filed rate should not be enforced if the ICC found it to be unreasonable. Once the ICC finds a rate or practice to be reasonable, however, courts must comply with the filed rate doctrine and may not consider equitable defenses to an action to collect undercharges. For instance, should the ICC upon referral find plaintiffs' collection practices to be reasonable, the district court could not subsequently hold plaintiffs to be estopped from collecting the filed rate because Appco detrimentally relied on a misquoted rate. The courts remain fully bound by the filed rate doctrine.

### CONCLUSION

In view of our determination that this matter be referred to the ICC, we do not reach Appco's arguments concerning the imposition of prejudgment interest. The judgment of the district court is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

*Reversed and remanded.*