**DELTA TRAFFIC SERVICE, INC., and Oneida Motor Freight, Inc., Plaintiffs–Appellees,**

v.

**APPCO PAPER & PLASTICS CORPORATION, Defendant–Appellant.**

**Nos. 1268, 88–9057.**

United States Court of Appeals, Second Circuit.

Submitted after Remand Feb. 14, 1991.

Decided April 18, 1991.

Joseph L. Steinfeld, Jr., Washington, D.C. (Robert B. Walker, John T. Siegler, Sims, Walker & Steinfeld, P.C., Washington, D.C., Kenneth M. Piken, Piken & Piken, P.C., Rego Park, N.Y., of counsel), for plaintiffs-appellees.

William J. Augello, Huntington, N.Y. (Augello, Pezold & Hirschmann, P.C., Huntington, N.Y., of counsel), for defendant-appellant.

Before MINER and ALTIMARI, Circuit Judges, and GRAY, District Judge.*

PER CURIAM:

This case is before us on remand from the United States Supreme Court. *See Delta Traffic Service, Inc. v. Appco Paper & Plastics Corp.*, — U.S. —, 111 S.Ct. 425, 112 L.Ed.2d 409 (1990). The Court vacated our earlier decision, *see Delta Traffic Service, Inc. v. Appco Paper & Plastics Corp.*, 893 F.2d 472 (2d Cir.1990), and remanded the case for further consideration in light of *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. —, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990). This case originally came to us on appeal from a judgment of the United States District Court for the Eastern District of New York (Sifton, *Judge*). On remand, we once again encounter the "filed rate doctrine," which requires motor carriers to collect the rate published in a tariff filed with the Interstate Commerce Commission ("ICC").

The relevant facts of this case are fully presented in our prior opinion; we briefly restate them here for the sake of clarity. Plaintiff-appellee Oneida Motor Freight, Inc. ("Oneida") agreed that it would charge defendant-appellant Appco Paper and Plastics Corporation ("Appco") a discounted rate for the interstate transportation of its products. Between January 1983 and July 1985, Oneida made 420 shipments for Appco and billed Appco for these shipments at the negotiated rate. Appco paid each invoice in full. Plaintiffs-appellees Oneida and Delta Traffic Service, Inc. ("Delta") subsequently sought to recover the difference between the discounted rate charged to and collected from Appco and the actual rate Oneida filed with the ICC. In its defense, Appco asserted that Oneida's collection of these undercharges constituted an unreasonable practice under the

Interstate Commerce Act. *See* 49 U.S.C. § 10701(a) (1988). Further, Appco moved to stay the district court proceedings and to refer the matter to the ICC. *See Maislin*, 497 U.S. at —, 110 S.Ct. at 2762 ("The ICC has primary responsibility for determining whether a rate or practice is reasonable."). The district court determined that referral to the ICC was precluded by various cases holding that courts may not consider equitable defenses to an action seeking collection of undercharges from the rate filed with the ICC. Consequently, the district court denied Appco's motion and granted summary judgment in favor of Oneida.

On appeal, we held that Appco—although precluded by the filed rate doctrine from raising equitable defenses—was entitled to a determination by the ICC as to the reasonableness of Oneida's practices. *Delta Traffic*, 893 F.2d at 474–75. Accordingly, we reversed the judgment of the district court and remanded for further proceedings.

Oneida then filed a petition for a writ of certiorari in the Supreme Court. While that petition was pending, the Supreme Court issued its opinion in *Maislin*, expressly rejecting the notion that deviation from the filed rate doctrine can be justified "purely on the ground that the carrier and shipper have privately negotiated a lower rate." 497 U.S. at —, 110 S.Ct. at 2768; *see also id.* at —, 110 S.Ct. at 2767 ("The [ICC] argues that under the filed rate doctrine, a finding that the carrier engaged in an unreasonable practice should ... disentitle the carrier to collection of the filed rate. We have never held that a carrier's unreasonable practice justifies departure from the filed tariff schedule."). Thus, the Court held that the ICC could not forestall the collection of undercharges by a carrier on the ground that the carrier's conduct constitutes an unreasonable practice. *Id.* at —, 110 S.Ct. at 2768.

■ Shortly thereafter, the Supreme Court granted Oneida's certiorari petition, and reversed and remanded the case for

---

* Honorable William P. Gray, Senior District Judge of the United States District Court for the

Central District of California, sitting by designation.

further consideration in light of *Maislin*. *See Delta Traffic,* — U.S. at —, 111 S.Ct. at 425. We requested that the parties submit letter-briefs addressing the effects of *Maislin* on the present appeal. In view of *Maislin* and upon consideration of the letter-briefs, we are prepared to affirm the judgment of the district court. Simply stated, the existence of a negotiated rate between Appco and Oneida does not justify deviation from the filed tariff schedule nor disentitle Oneida to collection of the undercharges. *See Maislin,* 497 U.S. —, 110 S.Ct. at 2767–68.

Despite the foregoing, Appco now requests that we remand the case to the district court with instructions that defendant-appellant Appco be permitted to amend its pleadings to assert a defense of *rate* unreasonableness. As Appco points out, the Court in *Maislin* reaffirmed that "the filed rate is not enforceable if the ICC finds the rate to be unreasonable," 497 U.S. at —, 110 S.Ct. at 2767 (citing *Louisville & Nashville R. Co. v. Maxwell,* 237 U.S. 94, 97, 35 S.Ct. 494, 495, 59 L.Ed. 853 (1915)), and stated that "[t]he issue of the reasonableness of the tariff rates is open for exploration on remand." *Id.* 497 U.S. at — n. 10, 110 S.Ct. 2767 n. 10. Nevertheless, unlike the carrier in *Maislin,* Oneida never properly asserted a defense of rate unreasonableness and has failed to advance a persuasive basis for its interposition at this late date. *See Maislin,* 1990 WL 264536, *2, 1990 U.S.Dist. LEXIS 17,989, *3–*4 (W.D.Mo. Nov. 21, 1990) ("A review of the record in the instant case convinces this Court that Primary Steel clearly pled the reasonableness claim in this Court and presented that issue to the ICC for determination on reference from this Court."); *see also Delta Traffic Serv., Inc. v. Transtop, Inc.,* 902 F.2d 101, 112 (1st Cir.1990) (vacating referral to ICC of unreasonable practice defense but leaving intact referral based on unreasonable rate defense). Accordingly, we decline to remand to the district court for consideration of a defense which has been raised for the first time on appeal. *Cf. Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 527 (2d Cir.1990).

Finally, we are unpersuaded by Appco's contention that the district court should not have awarded prejudgment interest to Oneida and Delta. Under the filed rate doctrine, a carrier is entitled to receive the full tariff rate. Permitting plaintiffs-appellees to recover undercharges "without awarding prejudgment interest would be to diminish the tariff charge by an amount representing the value of the use of the money owed for the period prior to judgment." *Consolidated Rail Corp. v. Certainteed Corp.,* 835 F.2d 474, 478–79 (3d Cir.1987) (quoting *Southern Pac. Co. v. Miller Abattoir Co.,* 454 F.2d 357, 362 (3d Cir.1972)). Thus, prejudgment interest was properly awarded.

For the reasons stated above, the judgment of the district court is affirmed.