SUMMARY ORDER

Plaintiffs-appellants, Mitchell Camarda et al. (collectively, the “plaintiffs”), appeal from a summary judgment entered on September 18, 2007, 2007 WL 2702825, in the United States District Court for the Southern District of New York (Brieant, J.), in favor of defendants-appellees Snapple Distributors, Inc., Snapple Finance Corp., Snapple Beverage Corporation, and Snapple Beverage Group, Inc. (collectively, the “defendants”). The District Court dismissed the plaintiffs’ secondary-line price discrimination claim brought pursuant to the Robinson-Patman Act, 15 U.S.C. *692 §§ 18(a), 15(a), the court having found, inter alia, that the plaintiffs failed to establish that they suffered actual injury. Having dismissed plaintiffs’ secondary-line price discrimination claim, the District Court declined to exercise supplemental jurisdiction over the plaintiffs’ state-law breach of contract claims. We assume the parties’ familiarity with the underlying facts, procedural history, and issues on appeal.
A price discrimination claim brought by a private plaintiff for violations of the Robinson-Patman Act cannot succeed unless the plaintiff establishes (1) a violation of the Robinson-Patman Act and (2) actual injury resulting therefrom. See George Hang Co. v. Rolls Royce Motor Cars Inc., 148 F.3d 136, 141 (2d Cir.1998); see also 15 U.S.C. § 15(a); J. Truett Payne Co. v. Chrysler Motors Corp., 451 U.S. 557, 562, 101 S.Ct. 1923, 68 L.Ed.2d 442 (1981). To establish actual injury, a plaintiff must demonstrate (1) an injury-in-fact; (2) that has been caused by the violation of the Robinson-Patman Act; and (3) that is the type of injury contemplated by the Robinson-Patman Act. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 220 (2d Cir.2004). To this end, and as relevant in this appeal, the plaintiff must make some showing that the injury to its business was not caused by factors unrelated to the defendant’s price discrimination. Cf. J. Truett Payne Co., 451 U.S. at 565-66, 101 S.Ct. 1923 (“The Court has repeatedly held that in the absence of more precise proof, the factfinder may conclude as a matter of just and reasonable inference from the proof of defendants’ wrongful acts and their tendency to injure plaintiffs’ business, and from the evidence of the decline in prices, profits and values, not shown to be attributable to other causes, that defendants’ wrongful acts had caused damage to the plaintiffs.” (emphasis added) (internal quotation marks omitted)).
Here, it is undisputed that the plaintiffs did not provide evidence demonstrating the “extent [to which] other factors ... may have played a role in the loss of customers and accounts.” Appellant’s Br. at 49. See J. Truett Payne Co., 451 U.S. at 565-66, 101 S.Ct. 1923; see also Am. Booksellers Ass’n, Inc. v. Barnes & Noble, Inc., 135 F.Supp.2d 1031, 1042 (N.D.Cal.2001). The plaintiffs argue, instead, that they were not required to submit any such evidence because there was substantial proof that the defendants were aware of a transshipping problem and failed to adequately suppress it.[1]
The existence of a “transshipping problem,” however, does not establish a causal connection between the plaintiffs’ claimed injuries and the defendants’ alleged price discrimination. As the District Court observed, factors unrelated to the defendants’ pricing of the Snapple products, e.g., the convenience of “one-stop shopping” and the willingness of transshippers to sell at a lower price for less profit, can lead to the plaintiffs’ losing business to transshippers. A change in consumer preference and other external factors may also contribute to the plaintiffs’ loss of business. See Official Publ’ns, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir.1989) (“In order to show antitrust injury under the Robinson-Patman Act, a party must prove a causal connection between price discrim *693 ination and the injury it claims to have suffered.” (emphasis added)). We reject the plaintiffs’ argument that they need not have accounted for other factors that may have caused their businesses to decline. Accordingly, we hold that the District Court did not err in concluding that the plaintiffs failed to establish “actual injury” resulting from the defendants’ purported violation of the Robinson-Patman Act.
To the extent the plaintiffs request a remand to submit further evidence of causation, we decline to grant the request because the plaintiffs had an opportunity throughout the lower court proceedings to submit proper evidence of a causal connection between their alleged injury and the defendants’ alleged price discrimination. At no time did the plaintiffs request the District Court to consider evidence accounting for other causal factors. Cf. Delta Traffic Serv., Inc. v. Appco Paper & Plastics Corp., 931 F.2d 5, 7 (2d Cir.1991) (“[W]e decline to remand to the district court for consideration of a defense which has been raised for the first time on appeal.”).
The District Court having properly dismissed the plaintiffs’ federal claim brought pursuant to the Robinson-Patman Act, we see no abuse of discretion in the court’s decision to decline exercising supplemental jurisdiction over the plaintiffs’ remaining state-law claims. See Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir.2006).
For the foregoing reasons, the judgment of the District Court is AFFIRMED.

. ''[W]henever a substantial price difference exists between two neighboring markets for the same or similar products, a practice called 'transshipping' may occur, whereby an individual or a company purchases a stock of product in the lower priced territory, and 'transships' it to the higher priced territory for resale.” Best Brands Beverage, Inc. v. Falstaff Brewing Corp., 842 F.2d 578, 581-82 (2d Cir.1987).