**THOMAS E. HOAR, INC., Plaintiff,**

**v.**

**SARA LEE CORP., Defendant–Appellee.**

**Appeal of GREENSPAN, JAFFE & ROSENBLATT, Leon J. Greenspan, Paul D. Jaffe and Victor E. Rosenblatt.**

**No. 724, Docket 89–7934.**

United States Court of Appeals, Second Circuit.

Argued March 6, 1990.

Decided April 2, 1990.

Leon J. Greenspan, White Plains, N.Y. (Greenspan, Jaffe & Rosenblatt, on the brief) for appellants Greenspan, Jaffe & Rosenblatt, Leon J. Greenspan, Paul D. Jaffe and Victor E. Rosenblatt.

Russell H. Carpenter, Jr., Washington, D.C. (Richard Wm. Buchanan, and Covington & Burling, Washington, D.C.; Frederick Newman, and Blodnick, Pomeranz, Schultz & Abramowitz, Lake Success, N.Y., on the brief) for appellee Sara Lee Corp.

Before TIMBERS, MESKILL and ALTIMARI, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Greenspan, Jaffe & Rosenblatt ("Greenspan"), a law firm, appeals from an order entered August 29, 1989, in the Eastern District of New York, Thomas C. Platt, Jr., Chief Judge, imposing sanctions, pursuant to Fed.R.Civ.P. 37, upon Greenspan and its client Thomas E. Hoar, Inc. ("Hoar") for failure to comply with discovery orders.

After reviewing the magistrate's report and recommendation, the district court agreed with and accepted the magistrate's finding that Hoar had not complied with court orders compelling discovery. Accordingly, the court imposed evidentiary sanctions upon Hoar in its underlying antitrust action. It also held Hoar and its attorney, Greenspan, jointly and severally liable for monetary sanctions, representing attorneys' fees and costs, in the amount of $21,984.24. The instant appeal is by Hoar's attorney, Greenspan. Hoar has withdrawn its appeal.

On appeal, Greenspan contends that (1) the district court erred in failing to review *de novo* the magistrate's report and recommendation; (2) the court's failure to allocate fault and apportion costs violated its due process rights; and (3) the court erred in awarding attorneys' fees without requiring contemporaneous documentation.

For the reasons which follow, we affirm the order of the district court.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

Plaintiff Thomas E. Hoar, Inc. was a former distributor of men's and boy's underwear manufactured by Hanes Knitwear ("Hanes"), a division of appellee Sara Lee Corporation ("Sara Lee"). In May 1986, Hoar commenced the underlying action against Sara Lee and its subsidiary Hanes, alleging, *inter alia*, violations of the antitrust laws. Sara Lee counterclaimed for fraud and breach of contract.

Since the initiation of the underlying antitrust action, there have been numerous discovery disputes between the parties. These disputes resulted in our earlier decision in *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682 (2 Cir.1989) (Altimari, J.) (*"Hoar I"*), which affirmed a district court order imposing monetary sanctions, pursuant to Fed.R.Civ.P. 37, on Hoar and its attorney Greenspan for abuse of the discovery process.

In *Hoar I*, we held that, during a two-year period, "at several junctures Hoar failed to fulfill [Sara Lee's] legitimate discovery requests and to comply with court orders compelling complete discovery." 882 F.2d at 684. The history of this "protracted trek" began with Hoar's failure to respond timely to Sara Lee's interrogatories in May and June of 1987. That failure led to motions to compel discovery and two discovery conferences before Magistrate John L. Caden, who set deadlines for compliance with his discovery orders. Hoar disregarded these orders. On September 2, 1988, concluding that Hoar and its attorney had engaged in a "pattern of ignoring discovery requests" to "willfully and unnecessarily" prolong the litigation, the magistrate imposed monetary sanctions pursuant to Rule 37, and held Hoar and its attorney to be jointly and severally liable. The magistrate also warned Hoar that further failure to comply with the court's orders would result in evidentiary sanctions. On appeal to the district court, the latter affirmed the imposition of sanctions but reduced the award. We affirmed in all respects. *Hoar I*, 882 F.2d at 682.

This brings us to the underlying facts of the instant appeal. In October 1988, because of Hoar's failure to comply with the magistrate's September 2 order, Sara Lee once again was forced to make motions to compel discovery. On November 29, 1988, the magistrate granted these motions. He found that Hoar had failed repeatedly to provide proper discovery in violation of three court orders, and that Hoar "simply reiterate[d] old arguments as to why the interrogatories need not be answered any more fully than they already have...." Hoar's failure to answer the interrogatories, he concluded, "clearly amount[ed] to either wilful disobedience of prior orders of this court, or a 'total dereliction of professional responsibility amounting to gross negligence.'" Accordingly, he imposed Rule 37 sanctions precluding admission of certain evidence at trial and ordered Hoar to comply with discovery requests or face further preclusion. Sara Lee was directed to submit an accounting of its costs and attorneys' fees in connection with its motions.

On appeal to the district court, Chief Judge Platt, by order dated January 12, 1989, gave Hoar additional time to comply. He set a deadline for compliance with the magistrate's order and warned that "[f]ailure to [do so] will result in automatic affirmation of [the magistrate's] November 29, 1988 Memorandum and Order." Hoar thereafter filed supplemental responses. The district court referred these responses to the magistrate for review to determine whether Hoar had complied.

On March 16, 1989, after reviewing Hoar's responses, the magistrate concluded that Hoar had not complied fully with court orders compelling discovery. He recommended that the sanctions imposed in his November 29 order be affirmed and that the contingent sanctions provided for in that order be imposed. The magistrate further recommended that monetary sanc-

tions be imposed upon Hoar and its attorney, jointly and severally, in the amount of $21,984.24, representing reasonable costs and attorneys' fees.

Hoar objected to the magistrate's report and recommendation. It appealed to the district court. After reviewing Hoar's objections, the district court, by order dated August 29, 1989, agreed with the magistrate's finding of noncompliance. Recalling that its prior order provided for "automatic affirmation" of the magistrate's order of November 29, 1988, the court imposed the Rule 37 sanctions set forth in that order. It also "adopted" the magistrate's recommendation that monetary sanctions in the amount of $21,984.24 be imposed jointly and severally upon Hoar and Greenspan.

This appeal by Hoar's attorney, Greenspan, followed. Hoar has withdrawn its appeal.

## II.

■ Our review of the district court's order imposing Rule 37 sanctions is limited to the question whether the court abused its discretion. *Hoar I, supra,* 882 F.2d at 687. Moreover, we must accept the court's findings of facts underlying the sanctions unless clearly erroneous. *Id.*

## III.

With the foregoing in mind, we turn first to Greenspan's contention that the district court reviewed the magistrate's report and recommendation of March 16, 1989 under the incorrect standard. Specifically, Greenspan asserts that the court erred in failing to make a *de novo* determination, pursuant to 28 U.S.C. § 636(b)(1) (1988) and Fed.R. Civ.P. 72(b), as to whether Hoar's supplemental responses were in compliance with court orders compelling discovery. We hold that Greenspan, which no longer represents Hoar, has no standing to challenge the court's order on this ground.

28 U.S.C. § 636(b)(1)(A) provides that "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court," except for certain enumerated dispositive motions. *See also* Fed. R.Civ.P. 72(b) (referring to dispositive motions as those "dispositive of a claim or defense of a party"). Although a magistrate may hear dispositive pretrial motions, he may only submit proposed findings of fact and recommendations for disposition of the matter. The district court must make *de novo* determinations as to those matters to which the party has objected. § 636(b)(1)(B)–(C); Fed.R.Civ.P. 72(b). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b). A magistrate, however, may issue orders regarding nondispositive pretrial matters. The district court reviews such orders under the "clearly erroneous or contrary to law" standard. § 636(b)(1)(A); Fed.R. Civ.P. 72(a).

■ Matters concerning discovery generally are considered "nondispositive" of the litigation. 7 Moore, Lucas & Sinclair, Jr., Moore's Federal Practice ¶ 72.03, at 72–23 (2d ed. 1989); 12 Wright, Miller & Elliot, Federal Practice & Procedure § 3076.5 (Supp.1989). Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the "clearly erroneous or contrary to law" standard. *E.g., Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1465 (10 Cir.1988); *Merritt v. Int'l Bhd. of Boilermakers,* 649 F.2d 1013, 1016–18 (5 Cir.1981); *see also* Moore, Lucas & Sinclair, Jr., *supra,* ¶ 72.04, at 72–51. According to Professor Moore, however, the imposition of certain sanctions under Rule 37, in some instances, may be considered "case-dispositive," requiring *de novo* review. *Id.* ¶ 72.03, at 72–24 and ¶ 72.04, at 72–51; *e.g., Ocelot Oil Corp. v. Sparrow Indus., supra,* 847 F.2d at 1462 (Rule 37 sanction striking pleadings with prejudice constitutes involuntary dismissal of action within § 636(b)(1)(A)).

■ In reviewing the district court's order imposing Rule 37 sanctions, we observe that Hoar has withdrawn its appeal. Since Greenspan is not subject to the preclusive

sanctions imposed by the court's order, we hold that Greenspan has no standing to challenge the propriety of those sanctions. Under the circumstances of the instant case, we further hold that Greenspan's interest in appealing the court's order is limited to the monetary sanctions for which Hoar and Greenspan were held jointly and severally liable. Such sanctions, as we indicated above, are reviewed under the "clearly erroneous or contrary to law" standard. We hold that Greenspan has no standing to challenge the district court's order on the ground that the court failed to make a *de novo* determination.

In passing, we observe that, even if there were some basis for requiring a *de novo* determination, the district court complied with that standard. Greenspan concedes that "[t]he only factual issue rightly before Judge Platt was the adequacy of [Hoar's] post January 12, 1989 compliance." In reaching its decision, the district court clearly made an independent determination of this issue (whether or not it was required to do so). The court first observed that "[i]n his Report, Magistrate Caden finds that [Hoar] has not complied with the undersigned's Order, dated January 12, 1989." It then stated that, "[h]aving reviewed [Hoar's] objections, [and Sara Lee's] responses, we agree with Magistrate Caden's findings." Thus, the order indicates that the court independently reviewed the issue whether Hoar had complied with the discovery orders. The court's subsequent comments, to which Greenspan points as indicating a refusal to make a *de novo* determination, relate only to matters decided by the court's January 12, 1989 order, not to the issue of noncompliance. In that regard, the court stated:

> "In its appeal, [Hoar] essentially seeks a second review of Magistrate Caden's November 29, 1988 Order. We reviewed that Order and plaintiff's objections thereto, which resulted in our January 12, 1989 Order, and decline to do so again here.... By our Order dated January 12, 1989, we accepted Magistrate Caden's prior findings and orders but nonetheless gave [Hoar] additional time to comply."

In short, we find nothing in the court's order that indicates that it applied a "clearly erroneous or contrary to law" standard in reviewing the question whether Hoar complied with the discovery orders, or that it did not independently determine that issue.

After carefully reviewing the record, we hold that the district court properly exercised its discretion in imposing the Rule 37 sanctions.

### IV.

### (A)

This brings us to Greenspan's contention that, even if the Rule 37 sanctions were warranted, the district court's order must be reversed for lack of due process. Greenspan asserts that the court erred in failing to hold a hearing to determine fault and allocate the sanctions between Hoar and Greenspan accordingly. We find this contention to be without merit.

At the outset, we are reminded that similar due process claims were raised and considered in *Hoar I, supra*, 882 F.2d at 688. To review briefly, in *Hoar I* the district court imposed monetary sanctions on Hoar and Greenspan, jointly and severally, for abuse of the discovery process. Relying on *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980), appellants challenged that order on due process grounds. In considering this claim, we found that

> "[t]he proceedings that led to the district court's imposition of the sanction included several conferences before the magistrate, which resulted in two court orders, the hearing at which the magistrate imposed the sanction, and a review of the matter by the district court."

*Hoar I, supra*, 882 F.2d at 688. Accordingly, we held there was no deprivation of due process.

Greenspan challenges the correctness of our holding in *Hoar I*. It asserts that we erred "in ignoring [our] own precedent by failing to remand for a determination of fault, allocation and reasonableness." It urges us to vacate our decision

in *Hoar I* and remand the matter to the district court for a hearing to determine fault and allocate the Rule 37 sanctions accordingly. We decline to do so. Greenspan ignores the well-settled rule that "a panel of this court will not overturn a recent decision of another panel, rendered after full consideration of the very point at issue." *Kremer v. Chemical Constr. Corp.*, 623 F.2d 786, 788 (2 Cir.1980) (Friendly, J.) (citing cases), *aff'd*, 456 U.S. 461 (1982). Moreover, we have no doubt that *Hoar I* was decided correctly. We reaffirm the vitality of that decision.

■ For reasons similar to those stated in *Hoar I*, we reject Greenspan's due process claim on the instant appeal. The proceedings that led to the district court's imposition of sanctions here included written oppositions to Sara Lee's motions to compel discovery before the magistrate, the magistrate's order of November 29, 1988 imposing sanctions, two memoranda on the appeal of that order, a written opposition to Sara Lee's declaration of attorneys' fees, an initial review by the district court and an order granting Hoar additional time to comply with discovery orders, a written opposition to Sara Lee's assertion of noncompliance, the magistrate's order of March 16, 1989 recommending that monetary sanctions be imposed jointly and severally on Hoar and Greenspan, written objections to that recommendation, a reply memorandum in support of those objections, and a final review by the district court. In view of these proceedings, we hold here, as we did in *Hoar I,* that "it stretches the imagination to argue that [Greenspan] did not have notice of, or the opportunity to be heard about, the sanction imposed." *Hoar I, supra,* 882 F.2d at 688.

We also reject Greenspan's contention that the district court failed to determine fault and allocate the Rule 37 sanctions accordingly. In holding Hoar and Greenspan *jointly and severally* liable for the monetary sanction, the district court (and the magistrate) determined that Hoar and its counsel were each equally responsible for the failure to comply with discovery requests and court orders. The record fully supports that determination.

### (B)

■ In its reply brief, Greenspan contends—for the first time on appeal—that the failure to comply with discovery was "the fault of HOAR, and not the fault of counsel." Greenspan asserts that this claim was not raised in the lower court because of the law firm's ethical duties under the Canons of the Code of Professional Responsibility, which Greenspan concluded did not permit it to defend itself at the expense of the client. Greenspan claims that "[i]t was not until October 4, 1989 when [the firm] was served with the *sua sponte* complaint of the Ninth Judicial District Grievance Committee that [it was] given an opportunity to defend [its] conduct." We decline to consider this claim which is based principally upon factual allegations outside the record on appeal.

■ We generally will not consider claims that were not presented in the lower court. *E.g., Rebaldo v. Cuomo,* 749 F.2d 133, 137 (2 Cir.1984), *cert. denied,* 472 U.S. 1008 (1985); *Schmidt v. Polish People's Republic,* 742 F.2d 67, 70 (2 Cir.1984); *see also Singleton v. Wulff,* 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). "While this bar to raising new issues on appeal is not absolute, ... it may be overcome only when necessary to avoid manifest injustice." *Schmidt v. Polish People's Republic, supra,* 742 F.2d at 70 (citations omitted).

In view of the dehors the record factual nature of Greenspan's contention, we see no reason to depart from the general rule. We hold that that rule applies with particular force where a party seeks reversal of the district court's order for failure to hold a hearing on a claim of which the court had no notice.

Moreover, in affirming the court's order, we see no potential for manifest injustice. The record amply supports the imposition

of monetary sanctions jointly and severally on Hoar and Greenspan. In its reply brief, Greenspan chronicles its growing frustration with Hoar's failure to supply information and documents needed for compliance with discovery requests. Indeed, Greenspan virtually concedes that those requests were not complied with, but blames Hoar for this failure. Even though Greenspan was aware (according to its reply brief) that Hoar was not fulfilling its discovery obligations, it implemented an obstructionist litigation strategy to persuade the lower court (and initially our Court) that there in fact had been full compliance. While we of course are mindful of an attorney's ethical duties under the Canons of the Code of Professional Responsibility, we emphatically reject Greenspan's contention that its vexatious and dilatory tactics were required by such duties.

### (C)

For the same reasons as stated above, we decline to consider Greenspan's contention—raised for the first time on appeal—that the district court erred in imposing sanctions without requiring "contemporaneous time records." *See New York State Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2 Cir.1983) (applications for court-ordered attorneys' fees require documentation with contemporaneous time records). This contention should have been asserted in the district court to give Sara Lee the opportunity to submit time records to supplement its claim for attorneys' fees. By withholding its contention until this late stage in the litigation, Greenspan foreclosed that simple solution.

### V.

To summarize:

We hold that Greenspan does not have standing to challenge the district court's order on the ground that the court failed to comply with a *de novo* standard of review. We also hold that the court properly exercised its discretion in imposing monetary sanctions jointly and severally upon Hoar and Greenspan. We further hold that due process requirements were satisfied since

Greenspan had an opportunity to be heard as to the propriety of the Rule 37 sanctions. In reaching our decision, we decline to consider any claims not presented in the district court.

Affirmed.