INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 181 RETIREMENT FUND, ANNUITY FUND AND HEALTH FUND, by John KOGUT and Jeremiah Comer, as Trustees; Central New York Joint Apprenticeship and Training Committee for the Electrical Industry, by James Finkle and William Towsley, as Trustees, International Brotherhood of Electrical Workers Local Union No. 43, by Jeremiah Comer, as Business Manager; and National Electrical Benefit Fund, by John Grau and Jack Moore, as Trustees, Plaintiffs,

v.

CASATELLI ELECTRIC, INC., William Brittelli, Alberta Brittelli, D.C. Electric, and Reliance Insurance Company of New York, Defendants.

No. 94–CV–0008 (RSP/GJD).

United States District Court, N.D. New York.

Aug. 2, 1996.

Blitman & King, Syracuse, NY (Jennifer A. Clark, of counsel), for Plaintiffs.

Hancock & Estabrook, Syracuse, NY (Martha L. Berry, of counsel), for Defendants.

## ORDER

POOLER, District Judge.

Plaintiffs—a union, various benefit funds, and the Central New York Joint Apprenticeship and Training Committee for the Electrical Industry—sued defendants Casatelli Electric, Inc. ("Casatelli"), William and Alberta Brittelli, D.C. Electric ("D.C."), and Reliance Insurance Company of New York.[1] In addition to other relief, plaintiffs seek to recover fringe benefit contributions, union dues, and vacation monies that Casatelli allegedly owes for September through October 1992 and October 1992 through March 1993. The plaintiffs allege that the Brittellis were the sole shareholders in Casatelli and dominated its affairs for their own personal ends. Plaintiffs therefore seek to pierce the corporate veil and recover against the Brittellis. Plaintiffs also allege that the Brittellis transferred Casatelli's assets to D.C. and that D.C. is Casatelli's alter ego or successor and therefore liable for Casatelli's debts to the plaintiffs.

On November 11, 1994, plaintiffs served their first set of interrogatories and request for production of documents which contained 102 interrogatories, the majority of which had several subparts. During a telephone conference, Magistrate Judge Gustave J. Di Bianco requested that plaintiffs justify their requests and that defendants cite specific objections. Dkt. No. 23. In response, plaintiffs served an amended request to produce and stated that if defendants produced the requested documents, plaintiffs would withdraw Interrogatories 3 through 18, 20 through 33, 35, 41, 42, 47 through 49, 51, 57, 59 through 73, 76 through 78, 84, 85, 87, 89 through 92, and 98 through 102. Dkt. No. 26, Objections to Magistrate's Order and Supplemental Order ("Objections") Ex. C at 1–2. Notwithstanding their offer to withdraw these interrogatories, plaintiffs maintained that all of the information requested in the interrogatories was relevant and nec-

---

1. Plaintiffs have settled their claims against Reliance Insurance Co. of New York.

essary and that plaintiffs were entitled to explore the areas covered by the withdrawn interrogatories in depositions. *Id.* at 1–2. Rather than explaining the relevance of particular interrogatories, plaintiffs insisted generally that all were relevant to either piercing the corporate veil or establishing that D.C. was a successor corporation to Casatelli. *Id.* at 5.

On March 30, 1995, Magistrate Judge Di Bianco issued an order in which he found that plaintiff's discovery requests although generally relevant were "excessive at this point in the litigation ... [b]ecause it is not yet clear whether any facts support plaintiffs' allegations that D.C. and the Brittellis should be liable for Casatelli's debts." Dkt. No. 24 ("Order") at 3. Magistrate Judge Di Bianco therefore laid down a set of guidelines for defendants in producing documents and answering interrogatories. Specifically, the magistrate judge ruled that (1) defendants need produce only documents created by or in the possession of D.C. or Casatelli; (2) defendants must answer only those interrogatories directed to D.C. or Casatelli; (3) defendants' obligation for the production of documents generated on an ongoing basis (e.g. balance sheets and financial statements) was limited to those created on or after the later of January 1, 1990, or the inception of Casatelli's business; (4) defendants' obligation to answer interrogatories was limited to events occurring after the later of January 1, 1990 or the inception of Casatelli; and (5) defendants need answer interrogatories or produce documents concerning equipment only if the purchase price exceeded $500 and concerning personal property only if the purchase price exceeded $1,000. Order at 4. In addition, the magistrate judge found certain requests and interrogatories to be cumulative and/or irrelevant, limited others, and required redrafting of one interrogatory. *Id.* at 4–5. Finally, the magistrate judge gave plaintiffs leave to seek additional discovery based on an appropriate factual showing. *Id.* at 5.

In a supplemental order filed April 6, 1995, the magistrate judge (1) prohibited plaintiffs from inquiring into areas at depositions that he had previously disallowed with respect to interrogatories; (2) found additional document requests to be cumulative, irrelevant, overbroad, or vague; and (3) directed the defendants to respond to document requests not explicitly addressed in his original order consistent with the general limitations described in that order. Dkt. No. 25 ("Supplemental Order") at 1–2.

Plaintiffs filed objections to the Order and Supplemental Order, *see* dkt. no. 26, but also sought reconsideration from the magistrate judge. Magistrate Judge Di Bianco denied reconsideration, noting once again that the Order and Supplemental Order "left open the possibility of plaintiffs obtaining further discovery at a later date if necessary." Dkt. No. 28 ("Order Denying Reconsideration") at 4. The magistrate judge explained that "[i]n its prior Orders, this court balanced plaintiffs' need for relevant information with Congress' desire to reduce unnecessary litigation expenses by allowing plaintiffs enough discovery to make an educated assessment as to the legal viability of their claims." *Id.* Plaintiffs then filed renewed objections to the Order Denying Reconsideration, Supplemental Order, and Order. *See* Dkt. No. 29. Defendants have filed a memorandum in opposition to plaintiffs' objections and assert a claim to attorney's fees. *See* Dkt. No. 30

## DISCUSSION

### I. Standard

■ I may modify or set aside a non-dispositive order made by the magistrate judge only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 72(a). Discovery orders ordinarily are non-dispositive. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990). The magistrate judge's Order, Supplemental Order, and Order Denying Reconsideration are clearly non-dispositive. Therefore, I may alter them only if they are clearly erroneous or contrary to law.

### II. The General Guidelines

■ Plaintiffs seek changes to both the general guidelines set by Magistrate Judge

Di Bianco and his specific rulings. I first consider plaintiffs' objections to the general guidelines, *see* Dkt. No. 26, Objections 1, 2, and 3. The magistrate judge has clearly indicated that plaintiffs are not forever precluded from seeking information outside the scope of the guidelines. Order Denying Reconsideration at 3. Instead, as intended by the framers of the Civil Justice Reform Act of 1990, the magistrate judge has weighed possible relevance against cost and time considerations by limiting the scope of the first phase of discovery while allowing for the possibility of a second phase after plaintiffs have had the opportunity to make an educated assessment of their case. *Id.* at 3 (citing S.REP. NO. 101–416, 101st Cong., 2d Sess. 14 (1990 U.S.Code Cong. & Admin.News 1990, pp. 6802, 6816)). Plaintiffs suggest no basis upon which this deferral of potentially relevant discovery could be found clearly erroneous or contrary to law. I therefore reject Objections 1 through 3.

### III. Specific Objections

Plaintiffs have withdrawn Objection No. 4 and portions of Objection No. 6. Clark Aff. ¶¶ 5, 11. I consider the remaining objections.

■ In Objection No. 5, plaintiffs assert that the magistrate judge's finding of irrelevance with respect to plaintiff's request for copies of insurance policies issued to or on behalf of each defendant is clearly erroneous. Plaintiffs urge that these policies may disclose relationships between the parties by virtue of the identity of the applicants for the insurance, the fact that the parties have combined insurance policies, or the basis for D.C.'s experience rating. While perhaps not strictly irrelevant, the insurance policies are certainly cumulative. Defendants Casatelli and D.C. must produce all cancelled checks in response to Amended Document Request 1(11). If these checks do not show that Casatelli and D.C. paid for their own insurance, plaintiffs can apply to the magistrate judge for permission to examine the actual policies. Any relevance of the basis for D.C.'s experience rating is speculative and attenuated. The decision of the magistrate judge, therefore was not clearly erroneous or contrary to law.

Plaintiffs next object to the magistrate judge's finding that Interrogatories 8, 9, 12–15, 30, 33, 41, 49, 57, 59–60, 62, 64–71, 76–78, 83, and 98–102 are cumulative. *See* Objection No. 6. Defendants point out that these interrogatories seek information that will be provided in response to document requests or other interrogatories that the magistrate judge allowed. Defs.Mem. at 11–14. Plaintiffs concede that the magistrate judge's ruling that defendants must produce certain documents to which they had not specifically objected partially cures this objection. Clark Aff. ¶ 11. However, plaintiffs continue to seek a ruling that they can inquire into areas relevant to the produced documents at depositions even if interrogatories the magistrate judge has ruled cumulative or otherwise impermissible touch on the same areas. *Id.* ¶ 15. I read the magistrate judge's supplemental order as allowing plaintiffs to inquire into areas covered by the requested documents because those document requests have not been ruled cumulative. Supplemental Order at 1–2. Therefore, plaintiffs' concern is unfounded.

■ Plaintiffs' seventh objection urges that I overturn the magistrate's finding of irrelevance with respect to educational and employment information sought in Interrogatory Nos. 19(b–c) and 54(e–f). Plaintiffs argue that education and employment information concerning the Brittelli defendants' son, who allegedly runs D.C., will demonstrate that he is a figurehead and that the material requested also is generally discoverable background. However, the disputed interrogatories are not limited to the backgrounds of the Brittelli defendants and their son. While I agree that educational and employment information concerning the Brittelli defendants and their son is relevant, the same information concerning other officers or supervisory employees lacks clear relevance. Therefore, I modify the magistrate judge's order only to the extent that defendants are directed to provide the requested educational and employment information with respect to the Brittelli defendants and their son.

Plaintiffs also object to the magistrate judge's finding of irrelevance with respect to the identities of the various defendants' accountants, auditors, attorneys, and insurance companies. Objection No. 8. Any relevance of this information to corporate separateness and or successor corporations is tenuous given the fact that the principals are related and might well employ the same professionals even without a blurring of corporate identity. Moreover, to the extent that the information is relevant, the cancelled checks of Casatelli and D.C. that will be supplied in response to Amended Document Request 1(11) should give plaintiffs the identity of the various professionals supplying services to D.C. and Casatelli. Therefore, the magistrate judge's determination is not clearly erroneous.

Finally, the plaintiffs urge that the magistrate judge erred by precluding plaintiffs from using depositions to inquire into areas found irrelevant or cumulative with respect to the interrogatories. Objection No. 9. This objection embodies the previously discussed erroneous assumption that the magistrate judge's order does not allow the plaintiffs to question the defendants concerning documents produced in response to discovery if interrogatories concerning the same documents have been ruled cumulative. Because plaintiffs' interpretation is erroneous, this objection also fails. Under the magistrate judge's supplemental order, plaintiffs may ask questions legitimately triggered by the responses to their document requests.

## IV. Request for Attorney's Fees

Defendants have requested an award of costs and attorney's fees but have not identified their authority for this request. Rule 11 does not authorize an award of attorney's fees because defendants did not file a separate Rule 11 motion or give plaintiffs the required prior notice of their request. Fed. R.Civ.P. 11(c)(1)(A). Nor does Rule 37(a)(4)(A) provide an appropriate vehicle for an award of attorney's fees. *See* Fed. R.Civ.P. 37(a)(4)(A). Rule 37(a) applies to motions to compel disclosure. Rule 37(a)(4)(A) also applies to motions for protective orders. *See* Fed.R.Civ.P. 26(c). However, neither party filed a motion in this case. Instead, during the course of a telephone conference, the magistrate judge directed plaintiffs to justify interrogatories they had served and further directed defendants to specify objections to the interrogatories. *See* Dkt. No. 23. I do not believe it appropriate to extend Rule 37(a)(4)(A) sanctions to the less formal procedure applied here because Rule 37(a)(2)(B) requires that a person requesting an order compelling discovery by motion certify to the court that it has already made informal request to resolve the dispute. The record in this case contains no such certification. I therefore deny defendants' request for costs and attorney's fees.

## CONCLUSION

It is therefore

ORDERED that defendants give plaintiffs the employment and education information that plaintiffs requested in Interrogatory 54(e) and (f) with respect to William and Alberta Brittelli and their son only; and it is further

ORDERED that plaintiffs' request for modification of the Order, Supplemental Order, and Order Denying Reconsideration are otherwise denied in their entirety; and it is further

ORDERED that defendants' request for costs and attorney's fees is denied.

IT IS SO ORDERED.