107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Karl NESFEDER, Plaintiff-Appellant,
v.
CITY OF UTICA POLICE DEPARTMENT, and 5 police officers
(names unknown); Rod Koenig, Social Worker, Mohawk Valley
Psychiatric Center; Dr. Louis Patrizzo, Psychiatrist,
Mohawk Valley Psychiatric Center; Dr. Kahn, Psychiatrist,
Mohawk Valley Psychiatric Center; Cliff Chavis, Attorney,
New York State Mental Hygiene Legal Service; John Dawes,
Social Worker, Mohawk Valley Psychiatric Center; Arsineo
Campomanes, New York State Employee at Mohawk Valley
Psychiatric Center, Defendants-Appellees.
 No. 96-7261.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 1
 Appearing for Appellant:Karl Nesfeder, pro se, Bethlehem, Pennsylvania.
 
 
 2
 Appearing for Appellee:Patrick Barnett-Mulligan, Assistant Attorney General, State of New York, Albany, New York.
 
 
 3
 Present: OAKES and WINTER, Circuit Judges, and SAND, District Judge.*
 
 
 4
 Karl Nesfeder, pro se, appeals from Judge Scullin's grant of summary judgment to certain defendants and from his dismissal of the complaint against the remaining defendants for lack of service. We affirm for substantially the reasons set forth by the district court. See Nesfeder v. City of Utica Police Dep't, No. 92-CV-442 (FJS) 1994 WL 505622 (S.D.N.Y. Sept. 15, 1994). The district court's dismissal of Nesfeder's complaint against the Utica Police Department and the "phone worker" at Mohawk Valley Psychiatric Center was required by Local Rule 41.2 of the Northern District of New York and Rule 4(m), Fed.R.Civ.P.
 
 
 5
 Nesfeder also raises a number of arguments that he did not raise before the district court. Because we see no manifest error in the district court's rulings, we will not consider these arguments raised for the first time on appeal. Amalgamated Clothing v. Wal-Mart Stores, Inc., 54 F.3d 69, 72-73 (2d Cir.1995); Greene v. United States, 13 F.3d 577, 586 (2d Cir.1994); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 527 (2d Cir.), cert. denied, 498 U.S. 846 (1990).
 
 
 6
 We therefore affirm.
 
 
 
 *
 The Honorable Leonard B. Sand of the United States District Court for the Southern District of New York, sitting by designation