**Dr. Peter T. GORMAN, Plaintiff,**

v.

**POLAR ELECTRO, INC., Defendant.**

**No. CV 99–2575(ADS)(WDW).**

United States District Court,
E.D. New York.

Dec. 18, 2000.

Cobrin & Gittes, New York City, NY, Clyde A. Shuman, Peter D. Cobrin, of

counsel, for the plaintiff Dr. Peter T. Gorman.

Hoffmann & Baron, LLP, Syosset, N.Y., Charles R. Hoffmann, Alan M. Sack, of counsel, for the defendant Polar Electro, Inc.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this patent infringement lawsuit, plaintiff Dr. Peter T. Gorman ("Gorman" or "plaintiff") appeals from a December 14, 2000, discovery order by United States Magistrate Judge William D. Wall denying Gorman's request for an order pursuant to Federal Rule of Civil Procedure 26(c) that would have prevented the defendant Polar Electro, Inc. ("Polar Electro" or "defendant") from obtaining Gorman's undergraduate transcript from Rutgers University pursuant to a subpoena.

### I. BACKGROUND

In a letter application dated December 7, 2000, Gorman moved to quash a subpoena issued by the District Court of New Jersey on non-party Rutgers University for the production of Gorman's undergraduate transcript. In an order dated December 8, 2000, Judge Wall held that the Court would consider Gorman's motion to quash as one for a protective order pursuant to Federal Rule of Civil Procedure 26(c), because motions to quash must be made to the court "by which a subpoena was issued." Fed.R.Civ.P. 45(3)(A).

Judge Wall held a telephone conference regarding Gorman's application on December 13, 2000, and following that conference, orally denied Gorman's request for a protective order.

In a written decision issued on December 14, 2000, Judge Wall summarized the arguments set forth by the parties in the December 13, 2000, telephone conference ("December 14, 2000, Order"). Gorman asserted that he was entitled to the protective order on the ground that his undergraduate transcripts are confidential and wholly unrelated to the subject matter of the instant lawsuit. On the other hand, Polar Electro contended that a protective order was inappropriate and that the transcripts were discoverable because they are relevant to one of Polar Electro's affirmative defenses, namely that Gorman is not the true owner of the patents at suit. In particular, Polar Electro argued "that the inventions at issue in the lawsuit are based on 'highly sophisticated technology' about which Gorman, a chiropractor, is unlikely to have expertise" (*see* December 14, 2000, Order). However, during his deposition, Gorman testified that he took some physics and engineering courses while an undergraduate at Rutgers. Therefore, Polar Electro claimed, Gorman's undergraduate transcripts contain information highly relevant to their affirmative defense.

Judge Wall agreed with the defendant, finding that "[t]he information in the transcript is directly related to testimony given by the plaintiff at a deposition, and to an affirmative defense raised by the defendants." Judge Wall noted that the plaintiff failed to demonstrate that "justice requires" an order to protect Gorman from "annoyance, embarrassment, oppression or undue burden or expense" (*see* December 14, 2000, Order (quoting Fed.R.Civ.P. 26(c)). In addition, the Court reminded the parties that all discoverable materials in this lawsuit are subject to a protective order and, therefore, will not be part of a public record. Judge Wall also stated that "[t]he plaintiff, in initiating this action, put information about himself in issue, and the transcript is discoverable" (*see* December 14, 2000, Order). Based on these findings, the Court denied the plaintiff's motion for a protective order as well as his application for a stay of the denial of the protective order pending the outcome of the instant appeal.

### II. DISCUSSION

■ Federal Rule of Civil Procedure 72(a) sets forth the district court's stan-

dard for reviewing a magistrate judge's discovery order:

> The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Magistrate judges have broad discretion in resolving nondispositive matters, and a party seeking to overturn a discovery order bears a heavy burden. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990); *Reidy v. Runyon*, 169 F.R.D. 486, 489 (E.D.N.Y.1997). Because the defendant's appeal of Judge Wall's December 14, 2000, order addresses a nondispositive discovery issue, the Court will apply this deferential standard of review.

■ Federal Rule of Civil Procedure 26(c) provides, in relevant part, that the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Here, Judge Wall found that justice did not require such an order to protect Gorman from the release of his undergraduate transcripts, because the information in the transcripts is directly related to the Polar Electro's affirmative defense. In reaching that conclusion, Judge Wall relied upon the fact that Polar Electro claims that Gorman is not the true owner of the patent because he does not possess the expertise necessary to have created the patented inventions. Noting that Gorman testified that he had taken undergraduate courses in engineering and physics—courses which may have provided him with requisite expertise—Judge Wall concluded that Gorman's undergraduate transcripts therefore were directly relevant to Polar Electro's affirmative defense. Judge Wall also stated that Gorman could not be in any way embarrassed, harassed, annoyed, or oppressed by the disclosure of his undergraduate transcript, because the transcript, like all documents in this case, is subject to a protective order that will "prevent the release of the transcript beyond the parameters of this lawsuit" (*see* December 13, 2000, Order).

In sum, Judge Wall's December 13, 2000, Order is based on the facts of this case and is neither clearly erroneous nor contrary to Federal Rule of Civil Procedure 26(c). Accordingly, the Order is affirmed.

## III. *CONCLUSION*

Having reviewed the parties' submissions and Judge Wall's written December 14, 2000, written decision, it is hereby

**ORDERED,** that the plaintiff's motion to set aside Judge Wall's decision denying the plaintiff's request for a protective order is **DENIED,** and it is further

**ORDERED,** that the oral and written decisions of Magistrate Judge Wall, issued on December 13 and 14, 2000, respective, are affirmed.

**SO ORDERED.**