Eric **RODRIGUEZ**, et al., Plaintiffs,

v.

George E. **PATAKI**, et al., Defendants.

**Howard T. Allen, et al., Plaintiffs,**

v.

**George E. Pataki, et al., Defendants.**

**No. 02 CIV. 618, 02 CIV. 3239.**

United States District Court,
S.D. New York.

Aug. 18, 2003.

---

1. The Court is not here ruling upon the ultimate merits of the parties' claims.

Richard D. Emery, Emery Celli Cuti Brinckerhoff & Abady, P.C., New York, NY, for Plaintiffs.

Joan P. Gibbs, Rivers, Mealy, Cransnow & Bradford, Brooklyn, NY, for Plaintiff-Intervenors.

Michael Carvin, Jones, Day, Reavis & Pogue, Washington, DC, for Def. Bruno.

C. Daniel Cuill, Graubard Miller, New York, NY, for Def. Silver.

## ORDER

BERMAN, District Judge.

### I. Background

On July 28, 2003, United States Magistrate Judge Frank Maas, to whom this matter has been referred to oversee discovery, issued an Opinion and Order ("Magistrate Judge Maas's Order"), granting in part and denying in part Plaintiffs' motion, dated July 3, 2003, 280 F.Supp.2d 89 to compel the production of certain documents and interrogatory responses relating to the development of New York State's 2002 Senate and Congressional redistricting plans. Magistrate Judge Maas's Order granted Plaintiffs' motion insofar as Plaintiffs seek "information concerning the operations of LATFOR [that] is not protected by a privilege other than the legislative privilege" and denied Plaintiffs' motion "to the extent they seek information concerning the actual deliberations of the Legislature—or individual legislators—[that] took place outside LATFOR, or after the proposed redistricting plan reached the floor of the Legislature." [1] (Magistrate Judge Maas's

---

1. "LATFOR" refers to a six member legislative "advisory Task Force on Demographic

Order at 103.) On August 6, 2003, Defendants submitted objections to Magistrate Judge Maas's Order ("Defendants' Objections"). On August 11, 2003, Plaintiffs submitted a response to Defendants' Objections ("Plaintiffs' Response"). **For the reasons set forth below, the Court affirms Magistrate Judge Maas's Order.**

## II. Standard of Review

■ When considering objections to a discovery order issued by a magistrate judge, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *Thompson v. Keane,* 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990). An order is "clearly erroneous" only when " 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Thompson,* 1996 WL 229887, at *1 (citation omitted); *see also Siao–Pao v. George,* 90 Civ. 5376 (PKL), 1992 WL 236184, at *2 (S.D.N.Y. Sept.10, 1992). An order is "contrary to law" when it " 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Thompson,* 1996 WL 229887, at *1 (citation omitted).

## III. Analysis

■ The Court has reviewed the record herein including, among other things, Magistrate Judge Maas's Order, Defendants' Objections, and Plaintiffs' Response, as well as relevant legal authorities.[2] The

Court concludes that Magistrate Judge Maas's Order is neither contrary to law nor clearly erroneous. *See Thomas E. Hoar,* 900 F.2d at 525; *see also Tompkins v. R.J. Reynolds Tobacco Co.,* 92 F.Supp.2d 70, 74 (N.D.N.Y.2000).

The Court has reviewed Magistrate Judge Maas's legal conclusions de novo. *Accord Orange v. County of Suffolk,* 855 F.Supp. 620 (E.D.N.Y.1994). Magistrate Judge Maas correctly analyzed the law pertaining to legislative privilege. He concluded that legislative privilege is "not absolute," (Magistrate Judge Maas's Order at 103) (citing *In re Grand Jury,* 821 F.2d 946, 957 (3d Cir.1987) ("[S]uch privilege must be qualified, not absolute, and must therefore depend on a balancing of the legitimate interests on both sides.")); *see also Manzi v. DiCarlo,* 982 F.Supp. 125, 131 (E.D.N.Y.1997), and that "the Court must balance the extent to which production of the information sought would chill the New York State Legislature's deliberations concerning such important matters as redistricting against any other factors favoring disclosure." (Magistrate Judge Maas's Order at 100.) Appropriate factors Magistrate Judge Maas considered include: " '(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the "seriousness" of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.'" (Magistrate Judge Maas's Order at 101) (quoting *In re Franklin Nat'l Bank Secs. Litig.,* 478 F.Supp. 577, 583

---

Research and Reapportionment," which consists of four legislators and two non-legislators. (*Id.* at 92.)

**2.** Although not contemplated in Fed.R.Civ.P. 72, on August 13, 2003, Defendants submitted a "Reply in Further Support of Objections"

("Defendants' Reply"). *See Alexander v. Evans,* 88 Civ. 5309 (MJL), 1993 WL 427409, at *4 (S.D.N.Y. Oct.15, 1993). In any event, Defendants' Reply does not affect the conclusion in this Order.

(E.D.N.Y.1979)). Magistrate Judge Maas appropriately balanced these factors and concluded that limited information sought by Plaintiffs is discoverable. *See In re Franklin Nat'l Bank Secs. Litig.*, 478 F.Supp. at 583.

The Court, upon the rather narrow circumstances presented here, affirms Magistrate Judge Maas's Order. "[T]he narrow issue presented is whether Senator Bruno, Speaker Silver, and the other legislator-defendants are entitled to resist the limited discovery ... sought by the plaintiffs on the basis of the qualified legislative privilege." (Magistrate Judge Maas's Order at 96.) Magistrate Judge Maas's Order does not relate to "any depositions of legislators or their staffs." (*Id.*); *see also id.* at 103 (citing *Corporacion Insular de Seguros v. Garcia,* 709 F.Supp. 288, 296–97 (D.P.R.1989).) Nor does it "determine whether Senator Bruno, Speaker Silver, and the remaining legislator-defendants are entitled to claim legislative immunity on the facts of this case." (Magistrate Judge Maas's Order at 100.)[3] And, Magistrate Judge Maas's Order, by its terms, does not extend to instances where LATFOR was acting "solely as the surrogate of Senator Bruno or other individual members of the Legislature." (*Id.* at 101.)

## IV. Conclusion and Order

For the reasons stated herein, the Court affirms Magistrate Judge Maas's Order. Judges Walker and Koeltl concur with this result.

---

**3.** Similarly, Magistrate Judge Maas's Order does not determine whether Defendants waived their claim of legislative privilege. (Magistrate Judge Maas's Order at 103) ("I decline, at least at this juncture, to find that they have waived their qualified privilege in its entirety.").