John WATERBURY, Plaintiff–
Appellant,

v.

LIBERTY LIFE ASSURANCE COM-
PANY OF BOSTON, also known as
Liberty Mutual, Defendant–Appellee.

No. 06–0969–cv.

United States Court of Appeals,
Second Circuit.

Oct. 11, 2006.

John Waterbury, pro se, for Appellant.

William E. Reynolds, Bond Schoeneck &
King, PLLC, Albany, NY, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ
A. CABRANES, ROBERT D. SACK,
Circuit Judges.

## SUMMARY ORDER

Plaintiff John Waterbury ("Waterbury")
appeals *pro se* from a decision granting
summary judgment in favor of defendant
Liberty Life Assurance Company of Bos-
ton ("Liberty") on Waterbury's claim that
Liberty wrongfully denied him long-term
disability benefits. Waterbury's claim pro-
ceeded under the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

This Court reviews the District Court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Although "ERISA does not itself prescribe the standard of review for challenges to benefit eligibility determinations[,][t]he Supreme Court . . . has indicated that plans investing the administrator with broad discretionary authority to determine eligibility are reviewed under the arbitrary and capricious standard." *Celardo v. GNY Automobile Dealers Health & Welfare Trust,* 318 F.3d 142, 145 (2d Cir.2003) (citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). Under this narrow scope of review, this Court "may overturn a plan administrator's decision to deny benefits only if the decision was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* at 146 (citations and internal quotation marks omitted). "Substantial evidence is 'such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [administrator and] . . . requires more than a scintilla but less than a preponderance.'" *Id.* (quoting *Miller v. United Welfare Fund,* 72 F.3d 1066, 1072 (2d Cir.1995)).

■ Upon an independent review of the record, we agree with the District Court that substantial evidence supported Liberty's decision to deny Waterbury benefits, and that the decision was not arbitrary or capricious in other respects. As the District Court noted, an independent medical examiner, Appellee's A. 60–61, 66, a consulting physician, Appellee's A. 61–62, 75, 78–83, and a functional capacity examiner, Appellee's A. 61, 95–97, each concluded

that Waterbury was able to continue performing the duties of his current position, which was sedentary. While Waterbury offered opinions of his treating physicians that in at least some respects supported his claim that he was disabled, we have been instructed by the Supreme Court that courts cannot require Liberty to give special deference to treating physicians' opinions when evaluating a claim for disability benefits, nor may they second-guess Liberty's reliance on the independent experts who determined that Waterbury was not disabled. *See Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 834, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003) ("[C]ourts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation.").

Waterbury also asserts that Liberty violated the then-current version of 29 C.F.R. § 2560.503–1 by failing to notify him of his right to review pertinent medical records in the May 13, 2003 letter denying him benefits and the August 19, 2003 letter denying his appeal. This claim is without merit. The applicable regulation did not require Liberty's initial benefit denial letter to inform him of his right to review pertinent documents, although the regulation governing Liberty's appeal denial letter did contain this requirement. *Compare* 29 C.F.R. § 2560.503–1(g) (2003) (enumerating required contents of adverse benefit determination notification, but not including requirement that notification explicitly inform recipient of right to obtain all relevant documents free of charge) *with* 29 C.F.R. § 2560.503–1(j)(3) (2003) (stating that notification of an adverse benefit determination on review must set forth "[a] statement that the claimant is entitled to receive, upon request and free of charge,

reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits").[1] While the regulations did require Liberty to make documents available to Waterbury upon his request, see 29 C.F.R. § 2560.503–1(h)(2)(iii) (2003), the record on appeal indicates that Liberty complied with this requirement: Waterbury requested copies of his medical records on the same day he was informed that his benefits would be denied, Appellee's A. 103, and Liberty's staff immediately began gathering the records to send to him, Appellee's A. 104. There is no evidence in the record that Waterbury was ever denied access to these documents. Liberty's August 13, 2003 appeal denial letter complies with 29 C.F.R. § 2560.503–1(j)(3) by explicitly stating that Waterbury "may request to receive, free of charge, copies of all documents relevant to [his] claim." Appellee's A. 64.

██ Waterbury also argues that the District Court's ruling should be overturned because he received ineffective assistance of counsel from his trial attorneys. It is settled law that the Sixth Amendment right to counsel does not apply in civil cases, see United States v. Coven, 662 F.2d 162, 176 (2d Cir.1981), and that "each party is deemed bound by the acts of his lawyer-agent," Link v. Wabash R.R. Co., 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); see also id. at 633–34 & n. 10, 82 S.Ct. 1386. Consequently, the alleged failure of Waterbury's attorneys to comply with the District Court's discovery deadlines does not serve as a basis for a challenge to the District Court's order.

We will not consider Waterbury's other new arguments on appeal. It is well established that a court of appeals will not consider an argument raised for the first time on appeal. See, e.g., Singleton v. Wulff, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). While we may, in our discretion, disregard the general rule when necessary to remedy manifest or obvious injustice, see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 527 (2d Cir.1990), we can see no injustice that would result from declining to consider Waterbury's new claims in this forum.

We have considered all of Waterbury's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.

---

1. The current version of the regulation does not enhance Waterbury's rights to be notified of his ability to receive pertinent documents free of charge. See 29 C.F.R. § 2560.503–1(g) (2006); 29 C.F.R. § 2560.503–1(j)(3) (2006).