Edwin RIVERA, Plaintiff–Appellant,

v.

GOLDEN NATIONAL MORTGAGE BANKING CORP., also known as Golden First Mortgage Corp., David Movtady, Philip E. Parker, Loan Officer Fred Santory, Ronald Klar, Cynthia Diaz, Attorney at Law, Lisa Piergrossi, United Closing, Daniel O'Sullivan, Record & Return Title Agency, Inc., Patricia A. D'Amico, Notary Public, Arthur Shattles, Amerifest Mortgage Corp., Jr. Alexander Avela, Al Campo, Defendants–Appellees.

No. 05–6253–cv.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2006.

Edwin Rivera, pro se.

Louis G. Adolfsen, of counsel, Melito & Adolfsen P.C., New York, NY, for Defendants–Appellees Ronald Klar, Klar, Piergrossi & Nunez, Cynthia Diaz and Lisa Piergrossi.

Harold J. Levy, Quadrino & Schwartz, Garden City, NY, for Defendant–Appellee Golden National Mortgage Corp.

Dominic Sarna, Law Office of Dominic Sarna, New York, NY, for Defendant–Appellee Record & Return Title Agency, Inc.

Michael H. Maizes, Maizes & Maizes, LLP, Bronx, NY, for Defendants–Appellees Philip E. Parker, Attorney at Law, Fred Santory, Daniel O' Sullivan and Patricia A. D'Amico, Notary Public.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff Edwin Rivera ("Rivera") appeals *pro se* from a decision granting Defendants' motion to dismiss Rivera's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 pursuant to Federal Rule of Civil Procedure 12(b)(6), and declining to exercise supplemental jurisdiction over Rivera's state law claims. The District Court concluded that Rivera's RICO claim, which relates to an alleged real estate scheme in connection with the purchase and foreclosure of a house in the Bronx, was time-barred and had failed to meet the minimum RICO pleading requirements.

Rivera attempts to raise a new argument on appeal. In his appellate brief, he claims that dismissal of his case violated the Federal Arbitration Act ("FAA") and New York state law governing arbitration clauses. Defendants urge this Court to disregard Rivera's new arguments, noting that the issue of arbitration was never raised below and contending that Rivera had never demanded arbitration before filing this appeal.

Upon a review of the record, and substantially for the reasons set forth in Judge Berman's careful and comprehensive ruling and order, we conclude that the District Court did not err in dismissing plaintiff's RICO claim and in declining to exercise jurisdiction over his remaining state law claims. We will not consider Rivera's new arguments concerning the applicability of the FAA and state arbitration law to this case. It is well established that a court of appeals will not consider an argument raised for the first time on appeal. *See, e.g., Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). While we may, in our discretion, disregard the general rule when necessary to remedy manifest or obvious injustice, *see Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 527 (2d Cir.1990), we can see no injustice that would result from failure to consider Rivera's arbitration-related claims in this forum.

Finally, we note that this is the fifth time that Rivera has filed suit, and the second time that Rivera has filed suit in federal court, over the same set of facts.

Based on our consideration of the record in this proceeding and in other suits that Rivera has filed related to the same factual circumstances at issue here, we take this occasion to serve notice on Rivera that additional federal litigation relating to these circumstances may subject him to a requirement that he obtain leave before filing suit, *see, e.g., In re Martin–Trigona,* 9 F.3d 226, 227 (2d Cir.1993), to monetary penalties, *see* Fed.R.Civ.P. 11(c); Fed. R.App. P. 38, or to other sanctions.

We have considered all of Rivera's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.