David E. KAPLAN, et al., Plaintiffs,

v.

S.A.C. CAPITAL ADVISORS, L.P., et al., Defendants.

No. 12 Civ. 9350(VM).

United States District Court,
S.D. New York.

Aug. 23, 2013.

Emma Gilmore, Jason Samuel Cowart, Marc Ian Gross, Tamar Aliza Weinrib, Pomerantz Grossman Hufford Dahlstrom & Gross LLP, Ethan David Wohl, Krista Thomas Rosen, Sara Jean Wigmore, Wohl & Fructher LLP, New York, NY, for Plaintiffs.

Audra Jan Soloway, Daniel Jonathan Kramer, Michael E. Gertzman, Jonathan Hillel Hurwitz, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Martin B. Klotz, Michael Steven Schachter, Sameer Nitanand Advani, Willkie Farr & Gallagher LLP, Daniel Prugh Roeser, Larkin M. Morton, Richard Mark Strassberg, Goodwin Procter, LLP, David Ross Kolker, Laurence Allen Silverman, Bracewell & Giuliani, LLP, New York, NY, John Owen Farley, Roberto M. Braceras, Goodwin Procter, LLP, Boston, MA, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

## I. BACKGROUND

On July 19, 2013, Magistrate Judge Kevin Fox, to whom this matter had been referred for supervision of pretrial proceedings, issued an Order (the "Order"). (*See* Dkt. No. 84.) Magistrate Judge Fox considered plaintiffs's motion for an order granting them relief from the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery stay, 15 U.S.C. § 78u–4(b)(3)(B). In relevant part, the Order: 1) granted plaintiffs's motion in part by modifying the PSLRA discovery stay "for the limited purpose of allowing the plaintiffs to obtain all document discovery now or hereafter produced to the defendants by the Securities and Exchange Commission and the United states Attorney's Office for the Southern District of New York in connection with *United States v. Martoma,* No. 12 Cr. 973(PGG) and *SEC v. CR Intrinsic Investors, LLC,* 939 F.Supp.2d 431, 2013 WL 1614999, No. 12 Civ. 8466(VM)"; and 2) denied plaintiffs's request for relief from the PSLRA discovery stay with respect to "trading records evidencing Defendants' trades in Elan Corporation, plc securities" during the relevant class period. (*See id.* at p. 433.)

Defendant Mathew Martoma ("Martoma") subsequently filed objections to the Order, as did defendants S.A.C. Capital Advisors, L.P., S.A.C. Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, S.A.C. Select Fund, LLC, and Steven A. Cohen (collectively, the "SAC Defendants"). (*See* Dkt. Nos. 90 & 92.) In addition, the SAC Defendants filed a mo-

tion to stay the Order in connection with their objections. (*See* Dkt. No. 91.) Plaintiffs filed a response (*see* Dkt. No. 96), and the SAC Defendants filed a reply (*see* Dkt. No. 100).

Plaintiffs and Martoma reached a stipulation regarding discovery in this matter, thus mooting Martoma's objections, and Magistrate Judge Fox approved it. (*See* Dkt. No. 98.) The stipulation requires Martoma to provide plaintiffs with, among other materials, certain documents initially produced by S.A.C. Capital Advisors, L.P. and its affiliates, relating to "trades in Elan Corporation, plc and Wyeth Securities, short positions therein, options thereon, and any other derivatives whose price is linked to the trading price of such securities" from July 1, 2006 to August 30, 2008. (Dkt. No. 101 at p. 2.) The SAC Defendants are not parties to the stipulation.

For reasons stated below, the Court adopts the Order in entirety.

## II. *STANDARD OF REVIEW*

Federal Rule of Civil Procedure 72(a) governs the Court's review of a magistrate judge's order on nondispositive matters such as this one. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."). Under that rule, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). " 'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is

left with the definite and firm conviction that a mistake has been committed.' " *MacWade v. Kelly*, 230 F.R.D. 379, 381 (S.D.N.Y.2005) (*quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

The magistrate judge's non-dispositive rulings should be afforded substantial deference. *See R.F.M.A.S., Inc. v. So*, 748 F.Supp.2d 244, 248 (S.D.N.Y.2010). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings conclusions of the magistrate judge with regard to such matters. *See* Fed.R.Civ.P. 72(a); *see also DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).[1]

## III. *DISCUSSION*

Having conducted a review of the record of the matter before the Court, including the parties' respective papers submitted in connection with this proceeding, as well as the Order and applicable legal authorities, the Court concludes that the Order is not clearly erroneous or contrary to law and is thus warranted. Accordingly, the Court adopts the Order in its entirety.

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Order of Magistrate Judge Kevin Fox dated July 19, 2013 (Dkt. No. 84) is adopted in its entirety, and the objections (Dkt No. 92) of defendants S.A.C. Capital Advisors, L.P., S.A.C. Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capi-

---

1. The SAC Defendants argue that de novo review should apply, but cite no precedent, binding or otherwise, from this jurisdiction to support this proposition. The Court therefore follows the plain text of Federal Rule of Civil Procedure 72(a), and considers whether the Order is "clearly erroneous or is contrary to law." The Court notes, however that it would reach the same outcome if it were to apply de novo review.

tal Associates, LLC, S.A.C. International Equities, LLC, S.A.C. Select Fund, LLC, and Steven A. Cohen (the "SAC Defendants") are DENIED, and the motion to stay the Order filed by the SAC Defendants (Dkt. No. 91) is also DENIED. In light of the stipulation (Dkt. No. 102), the objections (Dkt. No. 90) of defendant Mathew Martoma are DENIED AS MOOT. **SO ORDERED.**

## ORDER

KEVIN NATHANIEL FOX, United States Magistrate Judge.

The Court has considered the plaintiffs' motion for an order granting them relief from the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery stay, 15 U.S.C. § 78u–4(b)(3)(B), and all the papers submitted in connection therewith. As a result, the Court has determined to grant the motion in part, and deny it in part. Therefore,

IT IS HEREBY ORDERED that:

1. the PSLRA discovery stay is modified for the limited purpose of allowing the plaintiffs to obtain all document discovery now or hereafter produced to the defendants by the Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York in connection with *United States v. Martoma*, No. 12 Cr. 973(PGG) and *SEC v. CR Intrinsic Investors, LLC*, No. 12 Civ. 8466(VM);

2. the plaintiffs' request for relief from the PSLRA discovery stay with respect to trading records evidencing Defendants' trades in Elan Corporation, plc securities during the class periods set forth in the Consolidated Class Action Complaint, dated May 13, 2013, is denied; and

3. subject to the plaintiffs' prior entry into a protective order in a form reasonably acceptable to the defendants and the government, the defendants are directed to produce to the plaintiffs within fourteen (14) days of entry of this order the discovery materials described in paragraph 1 above that are in their possession, and shall produce any such materials thereafter received by them within seven (7) days after their receipt of such materials.

4. This order resolves the motion appearing at Docket entry No. 73.

SO ORDERED.

Dated: July 19, 2013.