**HUDSON, et al.**

v.

**GENERAL DYNAMICS.**

No. 3:96CV1317 (JBA).

United States District Court, D. Connecticut.

Aug. 18, 1999.

Thomas G. Moukawsher, Moukawsher & Walsh, Groton, CT, for plaintiffs.

*RULING ON PLAINTIFFS' OBJECTION AND DEFENDANT GENERAL DYNAMICS CORPORATION'S OBJECTIONS TO MAGISTRATE JUDGE'S RULING ON THE PRODUCTION OF DOCUMENTS 19, 21, AND 30 OF DEFENDANT'S PRIVILEGE LOG [DOCS. # 103, # 105]*

ARTERTON, District Judge.

Pending before the Court are plaintiffs' and defendant's separate objections to the Magistrate Judge's Ruling on the Production of Documents 19, 21, and 30 of Defen-

dant's Privilege Log. (May 10, 1999 Endorsement Order on Mot. To Compel [doc. # 51] ). Following this Court's earlier ruling on Plaintiff's Objection to Magistrate Judge's Ruling Regarding Discovery Motions [doc. # 76], *Hudson v. General Dynamics Corp.*, 186 F.R.D. 271 (D.Conn. 1999), and after *in camera* review of documents # 19, # 21 and # 30 on defendant's privilege log, the Magistrate denied in part plaintiffs' motion to compel, sustaining defendant's objection to production of the three disputed documents as protected by the attorney-client privilege, with the single exception of ¶ 4(a) in Document 19, which it found fell within the "fiduciary exception" and was therefore subject to disclosure. In addition, the Magistrate Judge found "no basis for application of the work product rule." *Id.*

Plaintiffs contend that the Magistrate Judge's ruling on the defendant's claim of attorney-client privilege is contrary to law and/or clearly erroneous. Defendant contends that the Magistrate Judge erred in ordering disclosure of ¶ 4(a) of Document 19 because the "fiduciary exception" is inapplicable and, alternatively, each of the documents was prepared in anticipation of litigation and is thus protected from discovery disclosure under the work product doctrine.

After its own *in camera* review of the documents, the Court concludes that declining to extend the attorney-client privilege to ¶ 4(a) of Document # 19 is contrary to law in that such document is not subject to the fiduciary exception under the circumstances of this case, for the reasons that follow. Having so ruled, it is unnecessary for the Court to address defendant's alternative objection to disclosure under the work product doctrine.

## STANDARD OF REVIEW

Matters concerning discovery are considered "non-dispositive," and a magistrate's orders regarding non-dispositive pre-trial matters are reviewed under the "clearly erroneous or contrary to law" standard. *See Thomas E. Hoar, Inc. v.*

*Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990) (quoting 28 U.S.C. § 636(b)(1)(A)). Under this deferential standard of review, magistrate judges are afforded broad discretion in resolving discovery disputes (*see Conway v. Icahn,* 16 F.3d 504, 510 (2d Cir.1994)). Since the party seeking to overturn a magistrate judge's discovery ruling bears a "heavy burden" *Com–Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 753 F.Supp. 1078, 1099 (E.D.N.Y.1990), reversal is "unusual." *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 523 (2d Cir.1996). This discovery dispute, however, implicates the legal application of the fiduciary exception which the Court has previously ruled may be considered to require production of documents otherwise shielded by the attorney-client privilege.

## DISCUSSION

■ This motion to compel involving the scope of an employer's claimed attorney-client privilege presents the inherent tension that arises by virtue of the fact that the employer wears two hats when administering an ERISA plan. On the one hand, in many areas directly relating to plan administration, the employer owes its employees a fiduciary duty, while in other areas such as plan design, amendment or termination, the employer acts in its own interest as settlor. If the legal advice reflected in documents that are the subject of the discovery dispute involves fiduciary matters, the "fiduciary exception" overcomes any claim by the employer of attorney-client privilege and the documents reflecting such communications are subject to discovery. However, "by agreeing to serve as a fiduciary, an ERISA trustee is not completely debilitated from enjoying a confidential attorney-client relationship." *United States v. Mett,* 178 F.3d 1058 (9th Cir.1999). "The employer's ability to invoke the attorney-client privilege to resist disclosure sought by plan beneficiaries turns on whether or not the communication concerned a matter as to which the employer owed a fiduciary obligation to the beneficiaries." *In re: Long Island*

*Lighting Co., et. al.,* 129 F.3d 268, 271 (2d Cir.1997).

▮ In determining which side of the line the documents fall for discovery purposes, the Court examines their context and content. With respect to context, these three documents were generated by either defendant's general or outside counsel and were directed to defendant's senior management for the purpose of rendering legal advice regarding many aspects of potential plan amendments or enhancements including their disclosure. Although no legal action was then pending, defendant had good reason to seek legal advice about its responsibilities and potential liability arising from misinformation about future plan amendments or enhancements given the recent caselaw involving analogous contexts. The content of these documents reveals that the advice was not rendered for the benefit of the plan, its beneficiaries, or as a matter of plan administration involving the defendant's role as the beneficiaries' fiduciary, but rather for the benefit of the defendant seeking to protect itself from potential liability in connection with its consideration of future plan amendments or enhancements, which constitute non-fiduciary matters. Under these circumstances, the defendant enjoys a confidential attorney-client relationship.

This legal advice derived from analyses of caselaw whose subject matter was employer actions while future plan amendments were under consideration. While such communication could arguably be broadly viewed as "relating to" fiduciary matters insofar as disclosures of plan amendments would affect current plan participants, the Court, however, rejects such an expansive interpretation of the fiduciary exception for three reasons:

1) If such legal advice to an ERISA trustee were deemed to relate, even indirectly, to plan administration, such trustees would have no attorney-client privilege in effect;

2) such a result would undermine a core purpose of the attorney-client privilege "to encourage clients (e.g., employers considering the substance and logistics of plan amendments) to make full disclosure to their attorneys". *See United States v. Ackert,* 169 F.3d 136 (2d Cir.1999); and,

3) if ERISA trustees without assurance of confidentiality are disinclined to seek legal counsel, they may act or fail to act in ways that harm the interests of the beneficiaries.

The Ninth Circuit similarly rejected an expansive interpretation of the fiduciary exception for among these reasons. *United States v. Mett,* 178 F.3d at 1066–67. Here, "... most importantly, where the attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege...." *Id.* Therefore, given the content and the context of these documents, including ¶ 4(a) of Document 19, the Court finds that the legal advice communicated to the defendant on the subject of disclosure of forthcoming plan changes is protected by attorney-client confidentiality privilege from discovery disclosure, and is not subject to the "fiduciary exception" under these circumstances. *See In Re : Long Island Lighting Co., et al,* 129 F.3d 268, 271–73 (2d Cir.1997).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Objection [doc. # 103] is OVERRULED, Defendant's Objection [doc. # 105] is SUSTAINED, and Plaintiffs' Motion to Compel [doc. # 51] is DENIED.

IT IS SO ORDERED.