**Robert T. BREWER, Appellee,**

v.

**Margaret BREWER; Eric Brewer; Sharyn Witlin, Esq.; Robert Greenfield, Esq.; New York City Board of Education; and the State of New York, Defendants–Appellants.**

**Docket No. 01–9147.**

United States Court of Appeals, Second Circuit.

May 14, 2002.

Robert T. Brewer, Old Bridge, NJ, pro se.

Sharyn Witlin, Chappaqua, NY, for Appellees Sharyn Witlin, Margaret Brewer and Eric Brewer.

Mark Gimpel, Deputy Solicitor General (Charles F. Sanders, Assistant Attorney General, of counsel), New York, NY, for Eliot Spitzer, Attorney General of the State of New York, for Appellee the State of New York.

Helen P. Brown, Assistant Corporation Counsel for the City of New York (Kristin M. Helmers and Neil S. Rosolinsky, of counsel) for Appellee New York City Board of Education.

Present VAN GRAAFEILAND, MESKILL and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiff-appellant Robert Brewer appeals from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*), granting the defendants' motion to dismiss Brewer's claims under 42 U.S.C. § 1983 alleging violations of his First Amendment rights and his common law claims of intentional infliction of emotional distress. The defendants are Margaret Brewer, his ex-wife; Eric Brewer, his son; Sharyn Witlin, Margaret and Eric Brewer's attorney; Robert J. Greenfield, the law guardian for Mr. Brewer's sons; the New York City Board of Education; and the State of New York.

Mr. and Mrs. Brewer were divorced in 1997, and Mrs. Brewer was awarded sole custody of their two sons, Eric and Robert.

Brewer alleges that, following the divorce, Margaret Brewer violated his First Amendment rights and intentionally inflicted emotional distress by interfering with family relationships in various ways, resulting in physical and emotional injury to him. Brewer asserts numerous claims against Eric, including allegations that he uttered various defamatory statements concerning Brewer's abuse of his sons. Brewer claims that Robert Greenfield, his sons' law guardian during divorce proceeding, intentionally caused him emotional distress by, *inter alia*, showing Brewer's court papers to his sons. Brewer claims that Sharyn Witlin, Mrs. Brewer's lawyer, violated his First Amendment rights and caused him emotional distress when, among other things, she humiliated him by introducing letters written by Brewer to his son Eric into evidence in the divorce proceedings.

Brewer also alleges that the New York City Department of Education intentionally caused him emotional distress and committed gender discrimination when school administrators refused to permit Brewer to visit his children at their school without the permission of Mrs. Brewer, the custodial parent. Brewer asserts that the State of New York caused him emotional distress because it did not properly supervise the attorneys in the divorce proceeding and because the judge presiding at the state court matrimonial proceeding acted with "Nazi authoritarianism." Further, Brewer claims that the judge violated his First Amendment rights by interrupting Brewer while he was giving his testimony and indicating that Brewer's language was offensive.

The District Court correctly dismissed these claims for a number of reasons, including defects in the service of process, lack of jurisdiction, sovereign immunity, and a failure to state claims upon which relief could be granted. Brewer's First

Amendment claims against the State of New York pursuant to § 1983 are barred by the Eleventh Amendment since New York State has not consented to be sued. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100–02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Rodriguez v. James,* 823 F.2d 8, 11 n. 3 (2d Cir.1987). The District Court also properly dismissed Brewer's § 1983 claims against Margaret Brewer, Eric Brewer, Robert Greenfield, and Sharyn Witlin because none of these defendants are state actors, and " § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (quotations omitted). Finally, Brewer has not sufficiently alleged that the Board of Education's policy of refusing to allow non-custodial parents to visit their children at school without the custodial parent's consent constitutes gender discrimination in violation of § 1983 since the Board's policy, as alleged, similarly impacts both men and women.

Brewer has also failed to state a claim for intentional infliction of emotional distress against any of the defendants. Under New York law, in order to establish such a claim, a plaintiff must allege: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury, and (iv) severe emotional distress." *Howell v. New York Post Co., Inc.,* 81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699, 702 (1993). The facts alleged by Brewer, taken in the light most favorable to him, do not demonstrate that any of the defendants engaged in extreme or outrageous conduct.

On appeal, Brewer asserts additional claims for the first time, including a claim that the State violated his Fifth and Four-teenth Amendment rights by seizing his house. We do not consider issues raised for the first time on appeal unless it is necessary to remedy a manifest injustice, *see Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 527 (2d Cir.1990), and we see no manifest injustice in declining to address the additional claims raised in Brewer's appeal.

We have considered Brewer's remaining claims and conclude that they lack merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.