TVT RECORDS and TVT Music, Inc., Plaintiffs,

v.

The ISLAND DEF JAM MUSIC GROUP and Lyor Cohen, Defendants.

No. 02 Civ.6644(VM).

United States District Court, S.D. New York.

July 12, 2005.

James Philip Chou, James E. D'Auguste, Tuneen E. Chisolm, Akin, Gump, Strauss, Hauer & Feld, L.L.P., New York City, Peter L. Haviland, Rhonda R. Trotter, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Los Angeles, CA, for Plaintiffs.

Paul George Gardephe, Patterson, Belknap, Webb & Tyler LLP, James M. La Rossa, Matthew S. Dontzin, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiffs TVT Records and TVT Music, Inc. ("TVT") appeal an order dated June 15, 2005 (the "June 15 Order") by Magistrate Judge Debra Freeman denying a request for additional discovery and an evidentiary hearing in connection with TVT's contemplated motion for sanctions against defendant Lyor Cohen ("Cohen"), an executive of defendant The Island Def Jam Music Group ("Def Jam") at the time the events in the underlying action occurred. Magistrate Judge Freeman entered a subsequent Order on June 22, 2005 (the "June 22 Order") after the parties failed to agree upon a briefing schedule with respect to the motion. The June 22

Order imposed a deadline of July 20, 2005 for TVT to file its sanctions motion. TVT asks for additional time to submit the motion. As grounds for its request TVT asserts that its counsel recently changed firms and is simultaneously preparing a petition for rehearing by the Second Circuit Court of Appeals of that court's ruling reversing the judgment entered on the jury verdict in favor of TVT in the underlying action. The Court has reviewed the parties' correspondence opposing and supporting Magistrate Judge Freeman's Orders.

The Court finds no basis to overturn the June 15 Order closing discovery and denying an evidentiary hearing. Nothing in the record suggests that the ruling was clearly erroneous or contrary to law, or that the substantial deference due to the resolution of discovery disputes by a Magistrate Judge should not be accorded in the instant matter. *See* Fed.R.Civ.P. 72(a); *Tylena M. v. Heartshare Children's Servs.*, 220 F.R.D. 38, 39 (S.D.N.Y.2004) (citing *Thomas Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990)). The Court finds that Magistrate Judge Freeman has been exceptionally patient and generous with time deadlines in her consideration of this matter. She has allowed the parties more than ample opportunities to develop a sufficient record to permit a fair assessment of the merits of the proposed sanctions motion. Whether, upon review of the final motion papers, additional evidentiary proceedings and submissions may be necessary is a matter for Magistrate Judge Freeman to determine in the first instance.

With regard to TVT's request for an extension to file the sanctions motion, the Court finds the time demands on TVT's counsel sufficiently compelling under the circumstances to warrant a reasonable enlargement of the deadline for filing the motion. Accordingly, the Court grants an extension of TVT's time to file to August 12, 2005. Any response shall be due by September 12, 2005 and any reply by September 22, 2005. No further extensions of this schedule will be considered.

**SO ORDERED.**