**Stephen P. VERNET, Plaintiff–Appellant,**

v.

**BELLMORE–MERRICK CENTRAL HIGH SCHOOL DISTRICT, Defendant–Appellee.**

**No. 05–0062–CV.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

Lawrence W. Reich, Ingerman Smith, L.L.P., Northport, N.Y., for Defendant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, and Hon. JED S. RAKOFF,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Stephen P. Vernet ("Vernet") appeals a judgment of the District Court for the Eastern District of New York entered on October 26, 2004, dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(6).

Vernet brought this action pursuant to 42 U.S.C. § 1983 and claimed that the method for selecting the members of the Bellmore–Merrick school board (the "Board") violated the "one man, one vote" principle of the Equal Protection Clause of the Fourteenth Amendment. In its Memorandum and Order, the District Court held that the complaint did not allege any facts to remove the case from the ambit of *Rosenthal v. Board of Education of Central High School District No. 3 of the Town of Hempstead,* 385 F.Supp. 223 (E.D.N.Y.1974), which had decided the same issues regarding the same defendant. In *Rosenthal,* a three-judge court[1] held that the method for selecting the members of the Board was an appointive process and that the "one man, one vote" principle applied only in cases where "the officials whose election is challenged ... have been elected by popular vote." *Id.* at 226.

Thomas F. Liotti, Garden City, N.Y., for Plaintiff–Appellant.

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1. We reversed and remanded the prior decision of a single district court judge and remanded the case to a three-judge court because the case presented a substantial constitutional question under then applicable legal standards. *See generally* 17 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4234 (2d ed.1988) (describing the history and abolition of the three-judge court).

On appeal, Vernet concedes that the Board is appointed, but argues it is constitutionally deficient because, as an appointed board, it may not constitutionally perform legislative functions. Vernet did not raise this argument below. Before the District Court, Vernet argued that the *Rosenthal* court's characterization of the Bellmore–Merrick board as appointed was not controlling and that discovery was necessary to determine whether it was appointive or elective in nature. The well established rule is that we will not consider an issue raised for the first time on appeal. *Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Although we may disregard the general rule when necessary to remedy a manifest injustice, *see Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 527 (2d Cir.1990), this appeal does not present such a situation as Vernet had the opportunity to raise this claim below but failed to do so, *see, e.g., Mellon Bank, N.A. v. United Bank Corp. of N.Y.,* 31 F.3d 113, 116 (2d Cir. 1994) (holding that there was no manifest injustice where appellant had the opportunity to present the argument and evidence supporting it to the district court).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.