**Nadirah I. AHMED, Plaintiff–Appellant,**

v.

**N.Y.C. HEALTH AND HOSPITAL CORP., Defendant–Appellee.**

No. 08–2124–cv.

United States Court of Appeals, Second Circuit.

May 8, 2009.

Nadirah I. Ahmed, New York, N.Y., pro se.

Drake A. Colley, Assistant Corporation Counsel (Edward F.X. Hart, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. J. GARVAN MURTHA,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Nadirah I. Ahmed, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Preska, *J.*), granting summary judgment to Defendant–Appellee New York City Health and Hospital Corporation ("HHC") on Ahmed's employment discrimination claims. We assume the parties' familiarity with the underlying facts of the case, its procedural history, and the scope of the issues presented on appeal.

We review orders granting summary judgment *de novo*, assessing whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *See*

---

* The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

*Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). A plaintiff claiming discrimination in violation of Title VII first must establish a prima facie case of such discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The burden of production then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment decision. *Id.* Once the employer has met this burden, the burden shifts back to the plaintiff to demonstrate that the nondiscriminatory reason was merely pretext for discrimination. *Id.* at 804–05, 93 S.Ct. 1817. The ultimate burden of persuasion is always on the plaintiff, who must demonstrate that the employer's action was prompted by an impermissible motive. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511–12, 518, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

■ Here, even assuming *arguendo* that Ahmed established a prima facie case of gender and race discrimination, HHC stated several non-discriminatory reasons for the adverse employment actions taken against Ahmed, including her consistent absenteeism, her failure to follow laboratory rules and procedures, and her inability to get along with coworkers since she was hired in 1998. Although Ahmed disputes the accuracy and fairness of her performance evaluations, she has provided no evidence that the reasons cited by HHC for her negative performance evaluations and termination were pretextual. Thus, Ahmed failed to satisfy her burden of raising a jury question on the issue of pretext. *See St. Mary's Honor Ctr.*, 509 U.S. at 511–12, 518, 113 S.Ct. 2742.

■ To the extent Ahmed is trying to assert new claims that she was subjected to (1) discrimination based on her national origin and religion; (2) sexual harassment; and (3) a hostile work environment, we note that we generally do not consider issues raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir.2005). Moreover, Ahmed has not asserted manifest injustice and has provided no explanation for why she did not raise these claims below. As there is no basis for concluding that obvious injustice will result from our disregarding these new claims, we decline to consider them. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir.1990).

We have reviewed Ahmed's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the District Court is AFFIRMED.