MENTAL DISABILITY LAW CLINIC, Touro College, Jacob D. Fuchsberg Law Center, on behalf of its constituents, Plaintiff,

v.

Michael F. HOGAN, Ph.D., in his official capacity as Commissioner of the New York State Office of Mental Health, on behalf of himself and government operated inpatient and outpatient treatment programs, et al., Defendants.

No. 06–CV–6320.

United States District Court, E.D. New York.

Sept. 17, 2010.

William M. Brooks, Michelle K. Caldera, Civil Rights Clinic, Touro College Jacob D. Fuchsberg Law Center, Central Islip, NY, for Plaintiff.

Edward Joseph Curtis, Jr., Jane R. Goldberg, New York State Attorney General, Matthew Silverman, NYS Office of the Attorney General, New York, NY, Brian P. Callahan, Jennifer K. Siegel, Luz Adriana Lopez, Christopher M. Gatto, Suffolk County Attorneys Office, Hauppauge, NY, Eric Broutman, Abrams Fensterman Fensterman Eisman Greenberg Formato Einige, Lake Success, NY, for Defendants.

## MEMORANDUM AND ORDER

GLASSER, Senior District Judge.

### I. BACKGROUND

This appeal arises from an Order by Magistrate Judge Orenstein to grant the Plaintiff's motion to compel production of subpoenaed records from two non-parties, Family Service League ("FSL") and Stepping Stones Continuing Day Treatment ("Stepping Stones.")

The Plaintiff, the Mental Disability Law Clinic of Touro College, Jacob D. Fuchsberg Law Center ("MDLC") commenced this state-wide class action against Defendant Michael Hogan in his capacity as the Commissioner of the New York State Office of Mental Health and others (collectively, "Defendants.") The Plaintiff alleges that New York State's assisted outpatient treatment law, Mental Hygiene Law § 9.60 violates "the most integrated setting" provision of the Americans with Disabilities Act ("ADA"), 28 C.F.R. § 35.130(d) (2009)[1]. That provision of the ADA requires state and local governments to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." *Id.*

MHL § 9.60 establishes a procedure by which a court order can be obtained that provides for assisted outpatient treatment ("AOT") for persons who suffer from a mental illness. The Plaintiff asserts that § 9.60 violates the ADA because only men-

---

1. The relevant provision of the Americans with Disabilities Act is found at 42 U.S.C. § 12132 (2006) ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). The Attorney General is given power to promulgate regulations to implement this provision by 42 U.S.C. § 12134. One such regulation promulgated pursuant to this power is 28 C.F.R. § 35.130(d) (2009) ("A public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities."). 28 C.F.R. § 35.130(d) has the force and effect of law. *Helen v. DiDario*, 46 F.3d 325, 332 (3d Cir.1995).

tally ill individuals who have either (1) received inpatient mental health services twice within the last 36 months; or (2) have engaged in acts of serious violent behavior towards self or others within the last 48 months are eligible. Mentally ill individuals who do not meet either of those criteria do not qualify for court ordered AOT, are thus subject to be involuntarily hospitalized.

That disqualification deprives those mentally ill patients who, the plaintiff contends, are otherwise qualified for the "services, programs, or activities in the most integrated setting appropriate" to their needs mandated by the ADA. " 'The most integrated setting appropriate to the needs of qualified individuals with disabilities' is a setting that 'enables individuals with disabilities to interact with nondisabled persons to the fullest extent possible.' " *Pennsylvania Prot. and Advocacy, Inc. v. Pennsylvania Dep't of Pub. Welfare*, 402 F.3d 374, 379 (3d Cir.2005) (*quoting* 28 C.F.R. pt. 35 app. A). " 'In short, where appropriate for the patient, both the ADA and the RA favor integrated, community-based treatment over institutionalization.' " *Id.* (*quoting Frederick L. v. Dep't of Pub. Welfare*, 364 F.3d 487, 491–92 (3d Cir. 2004); *Disability Advocates, Inc. v. Paterson*, 598 F.Supp.2d 289, 320 (E.D.N.Y. 2009)).

The Plaintiff asserts that the mentally ill patients for whom an AOT order was applied for and obtained are clinically no different than the mentally ill patients brought to an emergency room and then institutionalized, hence the infirmity of MHL § 9.60. In an effort to prove that assertion, the Plaintiff subpoenaed the clinical records of two patients being treated pursuant to AOT orders by the two non-parties, FSL and Stepping Stones, who have resisted complying with the subpoenas and the motion was made to com-

pel their compliance. A hearing was held before Magistrate Judge Orenstein, who, at the conclusion thereof granted the motion and the nonparties' objections to his determinations are what are now before the Court. Those objections are that: (1) the Plaintiff has already obtained related records from the state defendants and has no need for theirs; (2) the standard to be satisfied for obtaining the records is absolute need rather than the less stringent discovery standard of Federal Rule of Civil Procedure 26(b); (3) the records sought are cumulative; (4) the production of them would be burdensome; and (5) the patients' rights to privacy would be violated.

## II. DISCUSSION

### A. Standard of Review

■■■ Rule 72 of the Federal Rules of Civil Procedure and the Federal Magistrate's Act, 28 U.S.C. §§ 631–639 (2006), provide the standard for a district court's review of a nondispositive order of a magistrate judge, namely, is the order clearly erroneous or contrary to law. Fed. R.Civ.P. 72(a). Orders resolving pretrial discovery issues are generally considered nondispositive. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990). Clear error may be found if, "on the entire evidence" the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 235, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001) (*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). "This standard is highly deferential ... and only permits reversal where the magistrate abused his discretion." *Knitting Fever, Inc. v. Coats Holding Ltd.*, 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal citations omitted). Therefore, " 'a party seeking to overturn a discovery ruling [by a magis-

trate judge] generally bears a heavy burden.'" *Wolf v. James Miller Marine Servs. Inc.*, 2010 WL 2606469, at *3 (E.D.N.Y. June 21, 2010) (*quoting Com–Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 753 F.Supp. 1078, 1099 (E.D.N.Y. 1990), *aff'd*, 938 F.2d 1574 (2d Cir.1991)).

**B. Magistrate Judge Orenstein's Order Should Be Affirmed**

■ A review of the transcript of the hearing of July 23, 2010 resulting in Magistrate Judge Orenstein's Order to which the pending objections were made compels the conclusion that his Order was neither erroneous nor contrary to law.

Thus the records sought will permit the Plaintiff to establish that mentally ill patients for whom AOT orders were obtained are clinically no different than those brought to an emergency room and then hospitalized. The records previously obtained were of those mentally ill patients brought to the emergency room. (Transcript of June 23, 2010 Status Conference Before Hon. James Orenstein, at 6–7.) The objection in that regard was decisively addressed by Magistrate Judge Orenstein. (*Id.* at 11.)

The objectors' contention that the standard to be met by the Plaintiff was to show an absolute need for the subpoenaed records is belied by their own recognition that it is not, as the transcript at 18–19 makes plain:

> THE COURT: Okay. So what is the standard a party must meet in issuing a subpoena for records from a non-party.
>
> MR. BROUTMAN: That the records lead to some sort of relevant information.
>
> THE COURT: Right. It's the discovery standard, right?
>
> MR. BROUTMAN: Certainly. Certainly.

(*Id.* at 18–19.)

The objection based on cumulativeness is also without merit and given the recognition of that fact, can be said to be frivolously made:

> THE COURT: ... I was asking you if you could point me to some rule or case law that says a party may not make a request for cumulative information....
>
> MR. BROUTMAN: Your Honor, there is no such rule.

(*Id.* at 22.) The objectors also conceded that the requested records would not be burdensome for them to provide. (*Id.* at 31.)

A Guardian ad Litem was appointed by Magistrate Judge Orenstein to represent and protect the interests of the patients whose clinical records were to be provided to the Plaintiff. He agreed that their privacy interests were adequately protected by the redaction ordered to be made and by the confidentiality protocols that were previously developed by the parties. (See Brooks Decl. Exs. A and B.)

**III. CONCLUSION**

For the foregoing reasons, the objections are DENIED.

SO ORDERED.