10-2342-cv
Vargas v. Manhattan & Bronx Surface Transit Operating Authority

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand and eleven.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> PETER W. HALL,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HECTOR VARGAS,

> *Plaintiff-Appellant,*

> v.                                                     No. 10-2342-cv

MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY and NEW YORK CITY TRANSIT AUTHORITY,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

**FOR APPELLANT:**     Hector Vargas, *pro se*, New York, NY.

**FOR APPELLEES:**     Kristen M. Nolan (Richard Schoolman, *on the brief*), Office of the General Counsel, New York City Transit Authority, Brooklyn, NY.


Appeal from an April 30, 2010 judgment entered in the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Hector Vargas, *pro se*, appeals from a judgment granting summary judgment to defendants, Manhattan and Bronx Surface Transit Operating Authority and New York City Transit Authority, and dismissing Vargas's suit in its entirety on the grounds that: (1) Vargas had failed to articulate a prima facie age discrimination claim under § 296 of the New York Human Rights Law; (2) Vargas's breach of contract claim based on a collective bargaining agreement ("CBA") was barred by both the terms of the general release of the parties' settlement agreement and the fact that Vargas was not a party to the CBA; and (3) Vargas's constitutional due process and equal protection claims failed as a matter of law because Vargas did not demonstrate that he had a "protectable property interest" or that he was treated differently than any other group. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review *de novo* a district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party. *See, e.g., Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Having conducted an independent, *de novo* review of the record in light of these principles, we affirm the judgment of the District Court for substantially the reasons stated in its thorough and well-reasoned opinion. *See Vargas v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 08-CV-9254, 2010 U.S. Dist. LEXIS 42736 (S.D.N.Y. Apr. 30, 2010).

With respect to Vargas's argument on appeal that the District Court erred in determining that he did not offer any evidence to establish that he was suffering from diabetes, we decline to consider whether Vargas has demonstrated that he is disabled under state law because he failed to raise a disability discrimination claim under either state or federal law in his complaint.

Similarly, we decline to consider Vargas's First Amendment free speech claim because it is raised for the first time on appeal, and Vargas has not demonstrated that any manifest or obvious

injustice will occur if we refuse to consider the issue.  *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990).

## CONCLUSION

We have reviewed Vargas's remaining arguments on appeal and find them to be without merit.  Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court