10-2447-cv
Lomako v. New York Institute of Technology

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of September, two thousand eleven.

**PRESENT:**
>           RALPH K. WINTER,
>           ROGER J. MINER,
>           PETER W. HALL,
>                     *Circuit Judges.*

_____

Gennady Lomako,

>           *Plaintiff-Appellant*,

>           v.                                                      10-2447-cv

New York Institute of Technology, Heskia Heskiaoff, Ayat Jafari,

>           *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**      GENNADY LOMAKO, *pro se*, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**      ELAN RADAY, Law Offices of Elan Raday, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gennady Lomako, proceeding *pro se*, appeals from a judgment of the district court entered on May 14, 2010, the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and thereby dismissing Lomako's first amended complaint, in which he asserted claims under, *inter alia*: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-17 (2006) ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (2006) ("ADEA"); the Americans with Disabilities Act, 42 U.S.C. §§ 12111-17 (2006) ("ADA"); 42 U.S.C. §§ 1985 and 1986 (2006); section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) (2006); the New York State Human Rights Law, N.Y. Exec. L. § 296 (McKinney 2010 & Supp. 2011) ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502 ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* the district court's dismissal of a complaint under Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

After an independent review of the record and the relevant case law, we conclude that the district court properly dismissed Lomako's complaint for failure to state a claim substantially for the reasons stated in its May 2010 decision. *See Lomako v. New York Inst. of Tech.*, No. 09 Civ. 6066(HB), 2010 WL 1915041 (S.D.N.Y. May 12, 2010). Specifically, the district court: (1) properly dismissed as time-barred the Title VII, ADEA, ADA, §§ 1985 and 1986, and LMRA § 301 claims; (2) properly dismissed the NYSHRL and NYCHRL claims as barred by the election-of-remedies provisions of those statutes; (3) did not abuse its discretion by denying Lomako's motion for leave to file a second amended complaint; and (4) did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims.

Lomako argues that, under *Delaware State College v. Ricks,* 449 U.S. 250 (1980), the relevant accrual date for his Title VII, ADEA, and ADA claims was when he received his terminal contract on August 22, 2005. However, as the district court correctly determined, the relevant accrual date was May 23, 2005, when Lomako was notified of the denial of his reappointment. It was this denial that led to the subsequent issuance of Lomako's terminal contract. Lomako's reliance on *Ricks* is misplaced. In *Ricks*, the Supreme Court held that the limitations period for a professor's Title VII claim based upon a discriminatory denial of tenure commenced on the date that the professor was notified of the decision denying him tenure, not the date of his subsequent termination. *See id.* at 259. Thus, to the extent that Lomako's claims were based upon the decision to deny his reappointment, which resulted in the subsequent

3

issuance of his terminal contract, *Ricks* supports the district court's conclusion as to the accrual date.

Lomako argues for the first time on appeal that he was entitled to equitable tolling on the grounds that New York Institute of Technology ("NYIT") failed to comply with an Equal Employment Opportunity Commission ("EEOC") regulation requiring posting of a notice of employee rights and that the defendants gave him misleading information. Although we generally will not consider an issue raised for the first time on appeal, *Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005), we may, in our discretion, disregard the general rule when necessary to remedy manifest or obvious injustice. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990). Here, Lomako fails to show that the circumstances of his case warrant a departure from the general rule against review of issues raised for the first time on appeal. In any event, Lomako's complaint lacked any factual allegations suggesting that NYIT violated the EEOC posting requirement or that he did not know of the deadlines and procedures for filing an EEOC charge. Furthermore, Lomako's assertion that his union and the defendants intentionally misled him for the purpose of preventing him from filing a complaint with the DHR or EEOC is vague and conclusory and does not suggest a plausible basis for equitable tolling.

We have considered all of Lomako's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4