11-3401-cv
Brown v. Coleman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> *Circuit Judges.*

---

LUISA GUTTI BROWN,

> *Plaintiff-Appellant*,

-v.-                                                                     11-3401-cv

SYDNEY COLEMAN, M.D., KENNETH WEMM, M.D.,
AND TRIBECA PLASTIC SURGERY,

> *Defendants-Appellees.**

---

For Appellant:          Luisa Gutti Brown, *pro se*, Clifton, NJ

For Appellees:          Gina B. DiFolco (Wayne Marc Roth, *on the brief*) McAloon & Friedman, P.C., New York, NY, *for Defendants-Appellees Sydney Coleman, M.D., and Tribeca Plastic Surgery*

---

* The Clerk of Court is directed to amend the official caption as set out above.

Michael Paul Kandler (Bruce Morgan Brady, *on the brief*) Callan, Koster, Brady & Brennan, LLP, New York, NY, *for Defendant-Appellee Kenneth Wemm, M.D.*

Appeal from a judgment of the United States District Court for the Southern District of New York (McKenna, *J.*)

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Luisa Gutti Brown, *pro se*, appeals from an order denying a motion to compel a third party's compliance with a subpoena, an order granting a motion *in limine* precluding certain evidence from trial, orders partially granting summary judgment and, upon reconsideration, granting summary judgment in full to defendant Kenneth Wemm, and a final judgment in favor of defendants Sydney Coleman and Tribeca Plastic Surgery entered following a jury trial. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## I.    Issues Not Preserved for Appellate Review

We will not consider Brown's arguments concerning either the relevance of complaints to the New York Department of Health ("NYDOH") or the New York Police Department ("NYPD"), or the request for a new trial because she failed to preserve those issues for appellate review. The well-established general rule is that a court of appeals will not consider an issue raised for the first time on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 120-21 (1976); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005). Moreover, merely mentioning or stating an issue in a brief is insufficient to present an issue for appellate review. *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012). To be sure, the rule is not an absolute bar to raising new issues on appeal, and this Court may, in its discretion, depart from the general rule to remedy manifest or obvious injustice. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990). That, however, is not this case.

Here, Brown was represented by counsel in the district court who filed lengthy opposition papers responding to several arguments raised in the motion *in limine* filed by defendants Coleman and Tribeca Plastic Surgery. Those papers did not respond to the defendants' argument seeking exclusion at trial of the NYDOH and NYPD complaints. Brown offers no explanation for this failure. Nor has she otherwise demonstrated manifest injustice from the court's grant of *in limine* relief. Accordingly, we decline to review this claim. *See Thomas E. Hoar*, 900 F.2d at 527. To the extent Brown's appellate challenge to the *in limine* ruling could be construed to argue that her attorney below was ineffective in failing to oppose the defendants' motion on this basis, that does not present a ground for reviewing claims presented for the first time on appeal, as we have held that clients pursuing civil claims "must be held accountable for the acts and omissions of their attorneys." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 471 (2d Cir. 1998) (internal quotation marks omitted).

Brown's argument that the judgment should be reversed and the case remanded for a new trial is also unpreserved. Beyond a conclusory sentence at the end of her brief, Brown fails to specify any error committed during trial. Accordingly, we do not consider the argument. *See Niagara Mohawk*, 673 F.3d at 107.

## II.    Motion to Compel

We review a district court's discovery rulings for abuse of discretion. *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008); *see also In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) ("Motions to compel . . . are . . . entrusted to the sound discretion of the district court." (internal quotation marks omitted)). Although a party "must be afforded a meaningful opportunity to establish the facts necessary to support his claim," a district court has "wide latitude to determine the scope of discovery," and abuses its discretion "only when the discovery is so limited as to affect a party's substantial rights." *In re Agent Orange*, 517 F.3d at 103 (internal quotation marks and citations omitted).

Here, Brown argues that the subpoena served on the CBS news organization should have been enforced because CBS's claim of privilege was without merit. The argument fails because the district court did not deny Brown's motion to compel on the basis of privilege; rather, it denied the motion as moot based on the sworn declaration of a CBS representative that the requested information had been destroyed during the regular course of business in 2006, long before Brown filed her lawsuit. Accordingly, Brown's argument that the district court improperly denied the motion to compel on the ground of privilege is without foundation. In addition, even if Brown has challenged the mootness ruling on appeal, it cannot be said that the district court abused its discretion in denying a motion to compel the production of information in the face of a sworn declaration that such evidence no longer existed and only vague assertions to the contrary.

## III.    Motion for Summary Judgment

We review orders granting summary judgment de novo, asking whether the record reveals any genuine dispute of material fact and the moving party was entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In doing so, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Brown submits that, in granting summary judgment, the district court erroneously characterized her claim to charge Wemm with permitting Coleman to "remove fat from a part of her body from which she did not want it removed," when the court should have stated that she charged Wemm with allowing Coleman "to inject large amounts of fat to [her] face." This argument is without merit because Brown herself repeatedly asserted in her summary judgment filings that Wemm was negligent in failing to stop Coleman from harvesting fat from areas of her

3

body to which she did not consent.  Accordingly, because Brown claims no other error in the grant of summary judgment to Wemm, the district court's order is affirmed.

We have considered all of Brown's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4